## CLARK v. CLARK.

No. 19420. Opinion Filed April 29, 1930.

Carter Smith, for plaintiff in error.

H. T. Church, for defendant in error.

HERR, C. This is an action originally brought in the district court of Tulsa county by Annie Clark against Dan Clark for divorce and alimony. The decree went in favor of plaintiff. Defendant appeals.

Plaintiff relies on a common-law marriage. Defendant contends that the evidence is insufficient to establish such a marriage. The evidence of plaintiff is to the effect that she began living with defendant as his wife on October 6, 1920; that since said time she and defendant recognized each other as husband and wife, and lived together as such. Numerous witnesses testified that defendant introduced plaintiff as his wife, and that they were recognized by the public generally as husband and wife. Numerous letters written by defendant to plaintiff were introduced wherein defendant addressed plaintiff as "Mrs. Annie Clark." There was also a letter introduced in evidence wherein defendant addressed plaintiff as "Dear wife." We think this evidence sufficient to sustain the finding of the trial court that there was a common-law marriage.

In the case of Thomas v. Jones, 69 Okla. 285, 171 Pac. 855, this court holds:

"Where the facts show that the mutual intention of a man and woman was to consummate marriage, and that they cohabited as man and wife, holding themselves out to the public and to neighbors as such at all times, a common-law marriage is established, and the burden is upon one who attacks such marriage to conclusively disprove the same or show its illegality or invalidity."

Defendant testifies that there was, at no time, an agreement entered into whereby plaintiff and defendant were to become husband and wife; that they, at no time, occupied such relation; that plaintiff was merely his housekeeper, and that he regularly paid her for her services. It is his con-

tention that, under this evidence, the court erred in finding that a common-law marriage existed. We think this evidence insufficient upon which to set aside the decree, as, in our opinion, the clear weight of the evidence supports the conclusion reached by the trial court.

Plaintiff's alleged grounds for divorce are habitual drunkenness, extreme cruelty, and conviction of a felony and imprisonment in the penitentiary subsequent to marriage. The trial court found for plaintiff on all grounds alleged. The evidence established that, on March 26, 1926, defendant was convicted in the United States District Court for the Northern District of Oklahoma for violation of the national prohibition law, and was sentenced to serve two years in the penitentiary, which sentence he subsequently served. This sentence and conviction is not denied by defendant. We are not convinced, however, that a violation of this act amounts to a felony under federal law, and we, therefore, shall not further consider this matter.

The evidence amply supports the allegations of the petition as to the charges of habitual drunkenness and extreme cruelty. This is conceded by defendant, but it is contended by him that the evidence establishes that these offenses have been condoned by plaintiff, and that the decree is, for this reason, erroneous. A sufficient answer to this contention is that condonation was not pleaded by defendant, nor does it appear to have been relied upon as a defense. In 9 R. C. L., at page 386, the following rule is announced:

"It is generally recognized that condonation is an affirmative defense and like other affirmative defenses must be specially pleaded or insisted upon in the answer as a defense. It follows, as general rule, that a complainant need not anticipate a defense of condonation, or, in the absence of a statute so requiring, negative a condonation of the charge relied on. This rule is subject, of course, to statutory changes, and so, under some statutes, especially where adultery is the ground for divorce, it is necessary for the complainant to allege and prove the defense was not condoned. Though condonation is not specially pleaded or relied on as a defense, the court may in its discretion refuse to grant a divorce, where it appears from the proofs, properly taken, that the injured party, with a full knowledge of all the facts, has actually forgiven the injury, which has not been revived by subsequent misconduct. * * *"

Under the record here presented, the court did not err in failing to consider the question of condonation.

The next question discussed is that of division of property. The court, in its discretion, set aside to plaintiff lot 2, block 14, Greenwood addition to the city of Tulsa, title to which was in defendant, and the value was $2,000. The only other property owned by defendant, at the time, consisted of $600 cash on hand in the bank, household furniture of the value of $400, and the building in which was located defendant's barber shop, of the value of $400. It will thus be seen that, in the division of the property, plaintiff received some advantage, but, in our opinion, this does not necessarily render the decree, in this respect, erroneous.

It is contended by defendant that the division made is inequitable. The evidence discloses that all this property was accumulated subsequent to marriage and acquired by funds derived from the manufacture and sale of intoxicating liquors. The evidence discloses that plaintiff made and sold the liquor, and that the only work performed by defendant was to watch the officers and tip off raiding squads. Plaintiff performed most of the work, took a greater risk than defendant, and the trial court evidently thought her entitled to the lion's share of the spoils. We cannot say that the conclusion reached is erroneous. Judgment should be affirmed.

By the Court: It is so ordered.

BENNETT, EAGLETON, DIFFENDAFFER, and FOSTER, Commissioners, concur.

Note.—See under (1) anno. L. R. A. 1915E, 26; A. L. R. 37; 18 R. C. L. p. 395; R. C. L. Perm. Supp. p. 4443. (2) anno. 36 L. R. A. (N. S.) 844; 9 R. C. L. p. 446; R. C. L. Perm. Supp. p. 2471. See "Divorce," 19 C. J. §326, p. 123, n. 67; §774, p. 333, n. 31. "Marriage," 38 C. J. §110, p. 1337, n. 58.