VAN HORN v. VAN HORN.

No. 29796.   Sept. 23, 1941.

Rehearing Denied Nov. 18, 1941.

Second Petition for Rehearing Denied Dec. 16, 1941.

*119 P. 2d 825.*

Swank & Swank, of Stillwater, for plaintiff in error.

Ernest F. Jenkins, of Stillwater, and Harry Priest, of Oklahoma City, for defendant in error.

CORN, V. C. J. On March 21, 1939, G. C. Van Horn, defendant in error herein, brought action in the district court of Payne county against Malda Van Horn, plaintiff in error herein, for a decree of divorce and partial custody of their child. The parties will hereafter be referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

In his petition, plaintiff alleged that he has no desire to take the custody of the child away from the mother and wishes to contribute a reasonable amount to said child's support; then further alleged that his wife had abandoned him, that he has, at all times, demeaned himself properly, has acted toward her as a faithful husband, has given her no cause or reason for abandonment, and prays judgment accordingly.

Defendant filed her amended answer and cross-petition in which she denied generally the allegations of plaintiff's petition; admitted the marriage and

residence of the parties; and alleged that two children were born of said marriage, the first, Carleta Jo Van Horn, having died in infancy. She denied the allegations of abandonment and desertion and avers that plaintiff, without excuse or provocation, abandoned defendant, forcing her to leave his home; that although he was amply able to properly and adequately support her and the child, he deliberately refused to do so and maliciously withheld from them adequate means of support, and that she was forced to work and earn money by her own efforts and support herself and the child under the standard of living to which, under all the circumstances, they were entitled. She denied that plaintiff demeaned himself properly, but, on the contrary, alleged that the marital difficulties between them were due solely and only to the gross acts and misconduct of the plaintiff toward her.

Further allegations by defendant are that plaintiff has been guilty of gross misrepresentation and fraud in that the property of defendant, consisting of one-half of the accumulations of such property during the marriage, was handled in such a way by plaintiff as to become a complete loss to her; that through conspiracies of plaintiff and others, he took advantage of bankruptcy laws twice within the last seven years and represented to defendant that all their joint property was lost through said bankruptcy proceedings; that such proceedings consisted of a fraud and were calculated by plaintiff to cheat and defraud defendant and to deprive her of her legal rights in and to the property obtained by their joint industry. She alleged, as further evidence of plaintiff's design to cheat and defraud her, that he withheld and concealed property and money so that immediately after his first bankruptcy he was able to re-establish himself in business and by adoption of the same tactics after the last bankruptcy, which occurred immediately after the statutory six-year period, he again re-established himself in business and now owns and operates two of the best drugstores in Stillwater, Okla.

Upon trial of the cause the court found the issues in favor of the defendant upon her cross-petition, and against the plaintiff upon his petition, and granted the defendant a divorce because of the fault of the plaintiff.

Under the judgment and decree of the court, the defendant was awarded the custody of the minor child, Vernon Baxter Van Horn, from September 1st to June 1st of each year, and to the plaintiff from June 1st to September 1st of each year, and the plaintiff was ordered to pay to the defendant the sum of $35 on the first day of each month during said months for the support, maintenance, care and education of said child while in her custody, until further order of the court.

The judgment and decree, however, made no provision for a division of property, and expressly denied the defendant relief by way of alimony. The defendant appealed from the judgment and decree as to child support and as to the failure of the judgment and decree to recognize the right of the defendant to a division of property or to alimony.

Under the circumstances we see no reason to disturb the judgment and decree as to the custody and support of the child, but, under the facts in this case and in view of the provisions of the statute, the judgment and decree of the court denying the defendant property settlement and alimony cannot be permitted to stand.

Under section 672, O. S. 1931, the trial court should have ascertained plaintiff's ability to pay alimony, and considering that, should have granted defendant such alimony as her necessities require. Privett v. Privett, 93 Okla. 171, 220 P. 348.

The allowance of permanent alimony, under this section, rests in the trial court's sound discretion and is to be exercised in view of the husband's es-

tate and ability, the wife's condition and means, and the conduct of the parties. Silva v. Silva, 81 Okla. 159, 197 P. 165; Doutt v. Doutt, 73 Okla. 213, 175 P. 740.

Another rule which seems to have been violated by this decree, and which is binding on the court irrespective as to whether the divorce is granted to the husband or to the wife, is that the defendant is entitled to a fair and equitable division of the property acquired during marriage. See Clark v. Clark, 143 Okla. 91, 287 P. 721. This equitable division referred to in these decisions does not necessarily mean an equal division of the property, but means what it says—an equitable division. Certainly no one could successfully argue that, where the divorce is granted by reason of the aggression of the husband, where the husband, under the proof, is a substantial, crafty, efficient business man, denial of an equitable division of the property would not be to her an absolute denial of relief, especially if the husband is a man in middle life, in good health, and the proprietor of two drugstores having gross sales of approximately $200 per day.

The rule is that a court of equity on granting a divorce is required by statute to make a just and fair, as well as an equitable, division of the property. In doing so it is not required that the property be divided equally, but there should be a wide latitude as to how much shall be given to each. Tobin v. Tobin, 89 Okla. 12, 213 P. 884; Hughes v. Hughes, 177 Okla. 614, 61 P. 2d 556.

The record shows that the parties were married for approximately 15 years; that two children were born of the marriage, one of which died in infancy; that the defendant continued to live with plaintiff and made a home for him as a faithful and dutiful wife, until, by his mistreatment, he finally forced her out of his home and compelled her to seek employment for her own support.

The defendant then went to Oklahoma City, where she established her home and was without employment for almost a year, then secured a position and was still working at the time of the trial. Plaintiff seeks to take advantage of this situation, and because defendant has been working and supporting herself, he contends that he should be relieved from further liability. If defendant had not been ambitious and energetic and had made no effort to support herself, as is often the case, then would the trial court under the record of this case have denied her all relief as he did? The trial court adopted the theory of the plaintiff and his counsel who contended that she was as able as plaintiff to make a living and for that reason is not entitled to any relief.

Plaintiff contends that because the parties lived separate and apart during the last few years, defendant is not entitled to any part of the joint accumulations. The decree of the court granting defendant a divorce by reason of the fault of plaintiff precludes the plaintiff from advancing this argument. The trial court in effect found that the defendant was forced to leave home against her will and was forced to maintain herself in a separate establishment.

The witness Logan E. Hargrove testified that about the time this divorce case was begun he purchased the fixtures of the Stillwater Pharmacy, for which he paid the plaintiff $1,500; that plaintiff removed all of the stock of merchandise to the D. & V. Drug Store, of which plaintiff is owner; and Mr. Hargrove testified positively that the stock of merchandise was worth approximately $4,000. While this divorce case was pending in the trial court the plaintiff installed fixtures in the D. & V. Drug Store at a cost of approximately $3,500, and also made extensive improvements in the Aggie Drug Store, so that his testimony to the effect that at the time of the trial his net worth was negligible is certainly without any force or effect. These improvements he made and the extensive remodeling show that he expects big future returns in the business.

There is proof that plaintiff's two drugstores are worth from $16,000 to $20,000, conservatively estimated, and there is no valid, convincing proof as to any substantial indebtedness against the property, yet, in the light of this evidence, the trial court denied the defendant any relief, even though the divorce was granted by reason of the plaintiff's fault.

Taking into consideration all the circumstances in this case, and especially the extent of the plaintiff's estate and his earning capacity as reflected from his income over a period of years, and his future prospects for a successful business career as viewed from his present situation, we think the defendant is entitled to property settlement and alimony in the sum of $5,000, payable in monthly installments of $83.33⅓ each over a period of five years, said payments to begin the first day of the first month after this judgment becomes final. The judgment of the trial court insofar as it denied the defendant property settlement and alimony is therefore reversed and judgment is rendered by this court in favor of the defendant in said amount and upon said terms, the same to be docketed and enforced by the trial court in contempt proceedings if the same is not voluntarily complied with.

WELCH, C. J., and OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. RILEY, HURST, and ARNOLD, JJ., dissent.

ARNOLD, J. (dissenting). I grant that the Supreme Court on appeal in an equity case may under proper circumstances render a judgment, based on the record before it, contrary to that rendered by the trial court; however, this is not such a case. In the instant case, a district judge heard and saw the many witnesses who testified and had the opportunity of requiring such other testimony as might have been available to present a true picture of the marital difficulties involved therein. To render a judgment such as the majority opinion in this case makes it necessary that this court believe the testimony of certain witnesses in behalf of one party and discard and disbelieve certain contrary testimony in behalf of the other party. I am unable to see how this court, under the state of this record, can render such a judgment as rendered in favor of the defendant below, plaintiff in error herein.

This divorce action was started by a suit filed by the husband. The defendant wife cross-petitioned and asked for divorce, alimony, and child support.

The following pertinent facts are conclusively shown by the record: That the parties were married in 1925; that the husband was and still is in the drugstore business; that of said marriage union two children were born, one of which died in infancy; the other is still living and has since the parties' separation lived intermittently with each of his parents; that in September, 1933, husband and wife entered into a written separation and property settlement agreement. It was provided therein that they would live separate and apart and that the husband would pay the wife $80 per month until she had received the sum of $3,500; that the husband made these payments regularly until about six months prior to the filing of this divorce action; that during this time he paid a sum equivalent to twice the amount he had contracted to pay; that, his contractual obligation to the wife having long since expired, he reduced his payments to her to the sum of $30 per month. In 1937 the husband bought his wife a new Dodge automobile. While the parties lived in Shawnee the wife attended the Oklahoma Baptist University and received an A. B. degree; that about this time she took a notion that she wanted to go to Kentucky to take some special training; the husband paid the expense of this special training for about six months. Many years after they had lived separate and apart under their separation and property settlement agreement, their child became ill while on a trip with the mother in Kansas City; that she brought him to Stillwater, where the husband was living, and they took an apartment,

where they lived for four or five weeks under the same roof during the convalescence of said child. When the child had recovered she again left his home.

She claims that she went back to the husband on this occasion for the purpose of re-establishing their home. However, there are no circumstances in this record that would in any wise lend credence to her testimony in this regard. Husband and wife never lived together as such after their separation and property settlement agreement. After she left Stillwater on this occasion she returned to Oklahoma City and procured employment with the Department of Education, State Capitol Building, where she has since worked at a salary of $150 per month.

The wife testified that she had received an amount in excess of $7,000 from the plaintiff and also the furniture and $500 out of the sale of a home which he bought after their separation, which sold for a net profit of $1,500.

The testimony in this case conclusively shows that there was no jointly acquired property to be divided.

There is testimony in the record by both the husband and wife as to the character of the husband's property and the worth thereof; the testimony in this respect is very conflicting. Her testimony as to values is highly conjectural, and in instances based upon assumption and deduction. He, however, furnished an audit showing the status of his accounts, liabilities and assets, which, if taken to be true, would show him to be practically insolvent. I do not think there is sufficient evidence to sustain the judgment that this court rendered, and I am further of the opinion that this court on appeal should not vacate a judgment rendered by a trial court who saw and heard the witnesses testify and render a very different judgment where the testimony, as here, is very conflicting.

The general principles announced in the cases cited in the majority opinion are correct; however, a careful examination of the facts in each case discloses that such cases do not sustain the judgment rendered in this case by this court.

In Privett v. Privett, 93 Okla. 171, 220 P. 348, the husband owned real property of the value of $14,000, subject to encumbrances amounting to $3,850, and also $1,700 or $1,800 worth of personal property, subject to encumbrances amounting to $1,600. The wife owned property of almost equal value. This court vacated an alimony award in favor of the wife in the amount of $2,600, holding that it was excessive and unwarranted under the facts. In that case each party had their separate property, and the award was vacated. In the case at bar neither party had any property; the parties had been separated for a number of years; the plaintiff had a small equity in two drugstores from which he earned a living, and the defendant had a job from which she earned a living. Applying the same principle as in the above case, supra, the judgment of the trial court in this case was correct.

In Silva v. Silva, 81 Okla. 159, 197 P. 165, and Doutt v. Doutt, 73 Okla. 213, 175 P. 740, the property involved in each case was accumulated by the joint industry of the parties, and, of course, an equitable division thereof should have been made. In the case at bar this was not true; they lived separate and apart, each had a job and there was no property acquired by the joint industry of the parties.

The last statement is also applicable to Clark v. Clark, 143 Okla. 91, 287 P. 721.

In Tobin v. Tobin, 89 Okla. 12, 213 P. 884, and Hughes v. Hughes, 177 Okla. 614, 61 P. 2d 556, you again have the situation where the parties have lived together a great many years and by their joint industry accumulated property. The parties, of course, are entitled to an equitable division thereof. The converse is true in the case at bar; the parties have been separated a great many years; the plaintiff has paid to the defendant over that period approximately $7,000; no property has been accumulated by their joint industry; and

the plaintiff has acquired only a small equity in two drugstores during that period.

It is my opinion, applying the rules announced in the above referred to cases, that the trial court should be affirmed.

I think the judgment of the district court is borne out by the great weight of the testimony; certainly, it cannot be said that its judgment is against the clear weight of the evidence, and the trial court should have been affirmed. However this may be, the most that should have been done was to grant a new trial.