GLOMSET v. GLOMSET.

No. 31997. Feb. 26, 1946.

*166 P. 2d 423.*

Herbert K. Hyde and Lee Williams, both of Oklahoma City, for plaintiff in error.

Claud Briggs and Thad L. Klutts, both of Oklahoma City, for defendant in error.

PER CURIAM. This is an action brought by Sophia K. Glomset against John Larson Glomset for a divorce, division of jointly-acquired property, alimony and custody of two minor children, a son seven and a daughter eleven years of age. The action is predicated on the ground of extreme cruelty. Defendant by way of cross-petition also sought a divorce on the ground of extreme cruelty.

The trial court granted the divorce to plaintiff and awarded her personal property consisting of household and kitchen furniture of the value of $1,000, and awarded her the sum of $6,052.50 in lieu of division of jointly-acquired property, and the sum of $5,000 as alimony and ordered that $500 of the amount so awarded be paid in cash and the balance in monthly installments of $150 per month, and awarded to the defendant the remainder of the jointly-acquired property and the custody of the minor children.

Plaintiff has appealed and asserts that the amount allowed by the court in lieu of division of jointly-acquired property, as well as the amount allowed as alimony, is inadequate and that the court abused its discretion in awarding the custody of the minor children to defendant.

The evidence discloses that the parties were married on the 6th day of January, 1932, and during the marriage two children were born to them as above stated. Defendant at the time of the marriage was engaged in the practice of medicine in Oklahoma City and had been so engaged for two years prior thereto and at that time had an income of between $200 and $300 per month, but had accumulated no funds or property. His practice gradually increased and for several years prior to the bringing of this action he was earning an income of approximately $12,000 a year over and above all expenses. Defendant, however, testified that such income was due to abnormal conditions; that it was partly due to the scarcity of physicians in the city, many of them being then away from home engaged in war work; that in all probability he will

not continue to earn such income during normal years and that he expects his income to be reduced to $6,000 net per year.

Since the marriage defendant has acquired the following property: A home in Oklahoma City of the value of $14,000 which is covered by a mortgage of $8,500; one five-room rent house located in Oklahoma City, value of $3,000, mortgaged for $1,500; 400 acres of land in North Dakota valued at $4,000 which is free from all encumbrances, and personal property of an approximate value of $3,500.

It is agreed that the net value of defendant's assets at the time of the trial amounted to $14,500. Under the evidence it cannot be said that the amount allowed plaintiff in lieu of division of jointly-acquired property is unfair or inequitable nor can it be said that the amount allowed her as alimony is inadequate.

These matters rest largely within the discretion of the trial court and its judgment in this respect will not be disturbed on appeal in the absence of a showing of a clear abuse of discretion. Greer v. Greer, 194 Okla. 181, 148 P. 2d 156; Turlington v. Turlington, 193 Okla. 241, 144 P. 2d 957.

Plaintiff contends that the court should have awarded her the home as her share of the jointly-acquired property instead of $6,052.50 in lieu thereof. We do not think the court abused its discretion in this respect. He had the authority under 12 O. S. 1941 § 1278 to award defendant all the jointly-acquired property and require him to pay to plaintiff such sum as might be just and proper to effect a proper division thereof. The amount so allowed fairly accomplishes this purpose.

Plaintiff further contends that the court abused its discretion in permitting defendant to pay the amount so allowed, together with the alimony allowed, in monthly installments of $150 per month. We observe no abuse of discretion in this respect. Section 1278 of the statute, supra, authorizes the payment of alimony in monthly installments and we have approved the payment of a sum of money allowed in lieu of division of jointly-acquired property to be made in monthly installments. Van Horn v. Van Horn, 189 Okla. 624, 119 P. 2d 825; Hughes v. Hughes, 177 Okla. 614, 61 P. 2d 556. The monthly payments appear to be adequate to provide for plaintiff's support and comfort. We see no reason for disturbing the judgment in this respect.

Plaintiff further contends that the court erred in awarding custody of the minor children to the defendant, that such custody should have been awarded to her. Defendant contends that the evidence discloses such conduct on the part of plaintiff as would render it inadvisable to place the children under her care, custody and control. Numerous witnesses have testified as to her conduct. Defendant testified that he has a home, well equipped to care and provide for the children; that he has a sister who is willing to live with him and take care of the home and assist him in caring for and rearing the children.

After consideration all the evidence the court reached the conclusion that the best interest of the children required that they be placed in the custody of the defendant. We cannot say that the judgment in this respect is clearly against the weight of the evidence.

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, CORN, and DAVISON, JJ., concur.