WILSON v. WILSON.

No. 32518. Dec. 23, 1946.

Rehearing Denied March 11, 1947.

*177 P. 2d 1020.*

Earl E. James, of Oklahoma City, for plaintiff in error.

Howard K. Berry, of Oklahoma City, for defendant in error.

HURST, V.C.J. The plaintiff, Luella Wilson, sued the defendant, John Cecil Wilson, for divorce, alimony, division of property, and attorney fees. From a judgment in favor of the plaintiff, the defendant appeals. The only question presented by the defendant is the fairness of the judgment for division of the jointly acquired property, for alimony, and for attorney fees.

1. The record discloses that the parties owned a four-room home on a 25-foot lot in Oklahoma City and the furniture therein, also an automobile of a value of $500 and three war bonds of a par value of $500 each. The plaintiff testified that the home and furniture were worth $2,000 and the defendant testified that they were worth $3,000. At one time, they owned $1,500 in postal savings, but it appears from the testimony that that money was drawn out and spent before the separation. The parties had been separated about four years at the time of the trial. They had two adult daughters, both married, one having two children and the other one child, and all of them lived with Mrs.

Wilson. The court allowed the home and furniture to the plaintiff and permitted defendant to retain the car and war bonds.

12 O.S. 1941 §1278 provides that the division of the jointly acquired property shall be just and reasonable, which gives the court a wide latitude in making the division. Boles v. Boles, 194 Okla. 261, 149 P. 2d 502. We are unable to say, from the record, that the division was not just and reasonable.

2. It appears from the record that the plaintiff was working and earning $100 per month. The defendant was managing a roofing business belonging to his mother and the record discloses that he was drawing a commission of 10% of sales and also an expense account of $12 per week. The defendant testified that it took practically all the $12 to pay his expenses and that his income for 1944 was $1,325, and he produced a receipt for his withholding tax showing that he paid income tax on that amount of income. The court awarded the plaintiff alimony in the sum of $3,000, payable at the rate of $50 per month. But the court indicated that he did not believe the testimony of the defendant as to his income and that the books of the roofing company should have been produced to show his income. We think any finding that the defendant's income was more than he testified it was was based upon speculation and conjecture. If there was any doubt as to the business done by the roofing company, the plaintiff could have caused the books to be produced, which was not done.

The rule is that the fixing of alimony rests in the sound judicial discretion of the trial court, and consideration should be given to the husband's estate and ability, the wife's condition and means, and the conduct of the parties. Van Horn v. Van Horn, 189 Okla. 624, 119 P. 2d 825. After considering all the evidence and the earning capacity of each of the parties, we have reached the conclusion that the allowance of alimony is ex-

cessive and that the same should be reduced to $1,500, payable at the rate of $50 per month.

3. The court allowed the plaintiff a temporary attorney fee of $75, which was paid, and at the conclusion of the trial, the court allowed the plaintiff an additional attorney fee of $250. The defendant argues that this allowance is excessive. But when we consider the fact that the plaintiff has been compelled to employ counsel to represent her on this appeal, we are unable to say that the allowance for attorney fees for services performed in the district court and in this court is excessive.

The judgment granting the plaintiff a divorce, making a division of the property, and allowing attorney fees is affirmed. The judgment granting alimony is modified as above stated.

GIBSON, C.J., and OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.