FRENCH v. FRENCH.

No. 32323. Jan. 21, 1947.

*176 P. 2d 807.*

Cornelius Hardy, of Tishomingo, for plaintiff in error.

Stanley Cunningham, of Tishomingo, for defendant in error.

ARNOLD, J. Suit for divorce by Samuel Pervin French against Velma Goodman French and for custody of minor child and certain personal prop-

erty. Decree for plaintiff for divorce, and from orders concerning custody of child and division of property, plaintiff appeals.

Plaintiff alleged the marriage of the parties in 1941, the birth of a daughter, Katherine Ann, and the residence of the parties in Johnston county, Okla.

This action was instituted and maintained by the mother of plaintiff, a resident of Kansas, under power of attorney for that purpose executed and acknowledged by plaintiff before a judge advocate in the Southwest Pacific area. The personal property which was sought to be recovered consisted of clothing, an electric radio, electric iron, electric toaster, eight war bonds, Series E, of the value of $25 each, and an automobile of the value of $400, claimed to be separately owned by plaintiff.

The defendant by cross-petition sought custody of the child, Katherine Ann, and a division of the property described in the petition as being property acquired during the marriage.

Neither party has appealed from the decree granting plaintiff a divorce, and that decree has now become final.

On this appeal the only questions raised are as to that portion of the decree awarding custody of the infant child to its mother and the division of the property. The only contention made by plaintiff in these respects is that the court abused its discretion in awarding custody of the child to defendant in view of her fault, and in giving the automobile to her.

Upon the question of the division of property there is no evidence in the record that all of the property described in plaintiff's petition was not jointly acquired by the parties during their marriage. By its decree the court awarded all of this property to the plaintiff except the automobile, which was awarded to the defendant. This division by the court is authorized by 12 O.S. 1941 §1278. It is stated in defendant's brief that the automobile has been sold and the proceeds deposited with the court clerk. This statement is not questioned by the plaintiff. It cannot be said upon the record presented here that the trial court did not fairly and equitably divide this property, nor can it be said that the court abused its discretion in awarding the automobile to the defendant. The proceeds from the sale of the automobile, suggested by the trial court and approved by it, if still in the hands of the court clerk, belong to the defendant and she is entitled to receive the same.

Judgment affirmed.