## MANGUM v. MANGUM.

No. 33068.  Oct. 4, 1949.

*210 P. 2d 360.*

W. M. Gulager and C. A. Ambrister, both of Muskogee, for plaintiff in error.

Claude Garrett and Douglas Garrett, both of Muskogee, for defendant in error.

ARNOLD, V. C. J. This is an action for divorce and division of property. The parties were married in April, 1942. They were divorced in May, 1946. She is 53 years of age, he is 46. Soon after their marriage they moved to San Antonio, Texas, where he worked as a mechanic at Kelly Field for about two years making about $120 per week. For some time thereafter he worked at the iron works at San Antonio making approximately $25 per week. At the same time and until she began receiving oil royalties she cooked in cafes making about $30 per week.

At the time of their marriage she owned 40 acres of land in Noble county. He had no property and they had no cash to speak of. They agreed that they were to go "fifty-fifty". In pursuance of this understanding they opened a joint bank account on which they both drew checks.

By assignment they took over another's contract of purchase of some lots on which there was a small three-room house, paying $300 to their assignor. They made some improvements on the house, built some rabbit hutches, chicken house and cleaned out the well. They paid $150 on the contract of purchase. This property they exchanged for a 70-acre farm in Muskogee county owned by plaintiff's son which had a mortgage on it for $1,500 and also paid $400 in cash and assumed the mortgage on the farm (one payment of $300 was thereafter made on the mortgage leaving a balance of $1,200 at the time of trial.) Thereupon they moved their household goods and some other personal property to the farm. The balance of their cash was transferred from the San Antonio bank to a joint account opened in a Muskogee bank. In the course of time they bought some cows, chickens, horses, hogs, rabbits, machinery, and some household goods. They sold butter and eggs regularly in Muskogee and he did a little farming.

By stipulation it is agreed that the plaintiff received about $8,000 from oil runs from the Noble county land between September, 1943, and May, 1946. There is evidence tending to show that he earned about $1,900 on an average per year during the marriage. He testified that the white cow, white heifer, two dozen hens, and the mowing machine referred to in the statement prepared and signed by his wife and delivered to him when he signed the waiver as being property he would get was property which he bought with money given him by his boy for investment. He admitted that he and his wife had spent about $8,000 or $10,000 during the last three years.

Plaintiff testified that she paid about $2,800 for the Muskogee county farm and that they tried to sell it for $6,000 but could not. Counsel for defendant says it is worth $4,000 to $5,000 but there is no direct proof on this.

The court granted her a divorce which is not complained of and decreed to her the Noble county land as her separate property, the home (the Muskogee county farm), and all the household goods, farming equipment, livestock, and chickens. However, the court ordered her to pay defendant $450 as a "fair, just and reasonable sum."

Defendant's assignments of error are presented under one proposition, thus stated:

"All the property of the parties was community property and should be divided equally between the parties."

Money contributed by a wife from property separately owned by her to the family use, although considered under such an agreement as here to go "fifty-fifty", may be properly considered in making equitable division of the property accumulated by joint efforts of the husband and wife. No doubt the comparatively large contribution made by the wife from the profits accruing to her separately owned oil producing lands weighed heavily with the trial judge and accounts largely for his action in decreeing to her a very large majority of the community property. Under all the facts and circumstances, we cannot say that the division of the property was clearly against the weight of the evidence and therefore manifestly inequitable.

Judgment affirmed.