## WALTER v. WALTER.

No. 34465.   March 25, 1952.

*242 P. 2d 442.*

Robert L. Cox, Oklahoma City, for plaintiff in error.

Curtis P. Harris and Chas. Hill Johns, Oklahoma City, for defendant in error.

PER CURIAM. The plaintiff in error was plaintiff in the trial court and the parties will be referred to herein as they appeared therein.

The plaintiff filed her suit in the district court of Oklahoma county for a divorce from the defendant and for alimony, property settlement, attorney's fees and costs. The defendant answered admitting venue, the marriage of the parties and that no children had been born to the marriage; defendant further alleged in general terms the present value of the property of the parties and asserted that the property presently owned by the defendant was either owned by him at the time of the marriage or was subsequently acquired out of the proceeds arising from property owned by him at the time of the marriage. Defendant asked that the plaintiff be denied any relief and that there be awarded to him as his separate property the property owned by him prior to his marriage and the property later acquired by him which he still owns and which represents an equitable conversion of the original property owned by him prior to his marriage to the plaintiff. The cause was tried to the court and judgment rendered in favor of the plaintiff, granting to her a divorce, $12,500, as alimony, payable $2.500 out of the proceeds of the sale of the home of the parties ordered by the district court, and the balance in the sum of $10,000 to be payable $150 on the first of each calendar month commencing August 1, 1949, and commencing on August 1, 1950, the sum of $200 a month until the said $12,500 had been paid; plaintiff was further awarded the property standing in her name and consisting of an 80-acre farm valued by the court appointed appraiser at $1,800 subject to a $249 mortgage, and the household furnishings appraised at $1,200, $1,250 attorney's fees and the costs of the action; defendant was awarded all property, real, personal, or mixed, belonging to or standing in his name, as his separate property. Motion for new trial was filed and overruled from which the plaintiff has appealed to this court complaining in substance that the trial court had not properly determined the respective interests of the parties in the property owned by them at the time of the division.

It appears from the record in this case that upon application of the plaintiff, and with the signed consent of all the parties, a disinterested appraiser was appointed by the court to investigate all of the properties of the parties and to make and file a written inventory and appraisement of the same in this cause. From the inventory and appraisement filed it appears that the parties either jointly or severally owned properties, real and per-

sonal, of the gross value of $54,625, and against which there was indebtedness due in the sum of $17,350. These figures vary when considered in the light of the evidence of either party by itself, but these were the valuations and amount of indebtedness found to exist by the court appointed appraiser. The trial court in its decree found that the 80-acre farm, claimed by the plaintiff as her separate property, was her separate property, and that all of the property, real, personal and mixed, standing in the name of the defendant, was the separate property of the defendant. Under all the facts and circumstances, we cannot say that this finding of the trial court was clearly against the weight of the evidence. It appears from the evidence that the plaintiff and defendant were married on the 16th day of June, 1939, it being a first marriage for the plaintiff who was then 29 years of age, and a second marriage for the defendant who was then 44 years of age, and whose first wife had predeceased him; that the defendant at the time of his marriage had three minor children by his first marriage, dependent upon him; that the plaintiff owned no property at the time of her marriage, but was working for the United States Government at a salary of $120 per month; that the defendant made his living by dealing in and developing mineral properties and at the time of the marriage owned certain mineral properties which later, after their marriage, were developed into good income producing properties and from such income the defendant carried on his business activities acquiring other properties with the proceeds of minerals produced from the properties initially owned by him. The evidence further tends to show that from the commencement of this marriage the parties kept and managed their business affairs separate, maintaining separate bank accounts and in general each managing his or her own property and income.

The plaintiff in error in her brief suggests that the trial court should have divided the property in kind under 12 O. S. 1951 §1278. However, we have heretofore held that as to property acquired during marriage, the wife is entitled to a fair and equitable division of the property, which does not necessarily mean an equal division. Van Horn v. Van Horn, 189 Okla. 624, 119 P. 2d 825.

Taking into consideration the age and circumstances of these parties at the time of their marriage, the length of their married life, the manner in which the various pieces of property were acquired by the respective parties, and the manner in which they conducted their business affairs during their marriage, we do not feel that the judgment of the trial court was either erroneous or inequitable as to the manner in which the property was divided.

The judgment of the trial court, not being clearly against the weight of the evidence, is hereby affirmed. Mangum v. Mangum, 202 Okla. 95, 210 P. 2d 360.

This court acknowledges the services of Attorneys G. Raymond Bassman, Jack R. Rorschach, and C. B. Holtzendorff, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.