John T. BLUE, Plaintiff in Error,

v.

Zella BLUE, Defendant in Error.

No. 41598.

Supreme Court of Oklahoma.

June 4, 1968.

Carl Morgan, Thomas R. Williams, Guthrie, for plaintiff in error.

E. P. Neal, Tulsa, for defendant in error.

WILLIAMS, Justice.

There is involved here an appeal by the husband from that portion of a divorce decree entered in favor of the wife setting over to her in lieu of alimony certain real estate owned by the husband. Parties will be referred to as they appeared in the trial court.

The parties were married on May 31, 1955. No children were born of such union. They continued to live together as husband and wife until about December 22, 1963. At the time of the marriage the defendant was an invalid. Several years prior to the marriage defendant fell from a scaffold while industrially employed and sustained a broken back resulting in permanent disability of some ninety per cent to the body as a whole. He received $9,000.00 in settlement of his claim before the State Industrial Court. At the time of the marriage of the parties defendant got about in a wheel chair. Later he was able to walk with the aid of two crutches. Defendant used a portion of the $9,000.00 settlement in the purchase of a five room house in Guthrie, Oklahoma, for $1,500.00. Later he purchased a vacant lot in Tulsa, Oklahoma, for $375.00 and erected a building on the lot at a cost of $2000.00.

During their married life the parties lived at various intervals in the Tulsa property. A portion of the time they rented the properties and lived in rented houses or with the father of the defendant. At the time of the separation they were living in the Tulsa property.

The family income of the parties during the period of their married lives was secured from Social Security payments made to each of them and an income of about $90.00 per month earned by the plaintiff during a portion of the time by working as a domestic servant in peoples' homes, rentals from the properties and the balance of the money received from the Workmen's Compensation settlement which latter amount was exhausted soon after the marriage. The defendant was unable to work or contribute any earnings to the family income.

Plaintiff testified that it would make no difference to her in marrying defendant that defendant was going to receive the Workmen's Compensation settlement because she loved the defendant. Defendant testified that plaintiff was a good wife. The evidence sustains the findings of the court that during their married life the plaintiff, "waited on" the defendant, "nursed him * * * cooked his meals and kept house for him".

The evidence establishes that during the marital lives of the parties they accumulat-

ed an assortment of secondhand furniture, a portion of which was purchased by the plaintiff.

The trial court awarded the parties a divorce on the grounds of incompatibility. Defendant did not contest the divorce on these grounds. The evidence sustains the findings of the trial court.

In dividing the property, the court awarded her personal effects to plaintiff and other personal property to defendant. The plaintiff was awarded the real estate located in Tulsa County, same being valued at $3,500.00, subject to a mortgage of $1900.00 thereon, and the defendant was awarded the real estate located in Guthrie, the latter being valued at $1700.00, free of incumbrances and having a rental value of $30.00 per month.

The only portion of the decree contested by the defendant is the portion awarding to plaintiff the Tulsa property.

In DuBoise v. DuBoise, Okl., 418 P.2d 924, we said:

"* * * In making a division of property in a divorce action the court should give consideration to the situation of both the husband and the wife. Roberts v. Roberts, Okl., 357 P.2d 980; Funk v. Funk, Okl., 319 P.2d 599; Scott v. Scott, 203 Okl. 60, 218 P.2d 373. The division is not required to be equal and the trial court is vested with a wide latitude of discretion in making the division. Funk v. Funk, supra; Jorski v. Jorski, Okl., 304 P.2d 1057; West v. West, Okl., 268 P.2d 250; Boles v. Boles, 194 Okl. 261, 149 P.2d 502; Bishop v. Bishop, 194 Okl. 209, 148 P.2d 472, 155 A.L.R. 604."

Some of the prior decisions of this Court wherein the amount of property accumulated was small and wherein we have sustained the award made by the trial court in cases similar to the present one, are as follows: Wilson v. Wilson, 198 Okl. 318, 177 P.2d 1020; French v. French, 198 Okl. 135, 176 P.2d 807; Jupe v. Jupe, 198 Okl. 100, 175 P.2d 976; Forrester v. For-

rester, 193 Okl. 59, 141 P.2d 92; Barker v. Barker, 105 Okl. 240, 232 P. 371.

In DuBoise v. DuBoise, supra, we said:

"This court will accord considerable weight to the trial court's finding as to the equitable division of property upon granting a divorce, and the judgment of the trial court will not be disturbed on appeal unless it can be said that the division as made is unfair and inequitable or clearly against the weight of the evidence. Turlington v. Turlington, 193 Okl. 421, 144 P.2d 957; Walter v. Walter, 206 Okl. 209, 242 P.2d 442."

The trial court's division of the property is fair and reasonable considering the facts and circumstances presented and is not contrary to the evidence. The judgment of the trial court is affirmed.

All Justices concur.