Delbert W. ISENHOWER, Appellant,

v.

Terri Lynn ISENHOWER, Appellee.

No. 57397.

Court of Appeals of Oklahoma, Division No. 1.

March 15, 1983.

As Corrected March 21, 1983.

Rehearing Denied May 3, 1983.

Certiorari Denied June 21, 1983.

Released for Publication by Order of the Court of Appeals June 24, 1983.

by counsel and that the appellee was unrepresented and executed a waiver of summons and time to plead.

The divorce decree recites the property which was accumulated by the parties during the coverture and awards all of said property to the appellant. Apparently, pursuant to an oral agreement the only property set aside and awarded to the appellee was $12,000.00 in "alimony in lieu of property", "payable at the rate of two hundred dollars ($200.00) per month for a period of sixty (60) months commencing June 15, 1980, provided that said payments shall terminate upon the remarriage of the defendant (appellee herein), and further provided that said payments shall reduce to one hundred ($100.00) per month upon remarriage by the plaintiff (appellant herein)."

Thereafter, in December, 1980, appellant refused and failed to pay any further payments in lieu of property division to appellee. Consequently, appellee filed a Motion to Reduce Alimony Provision to Judgment in May of 1981. Appellant then filed a motion requesting termination of the appellant's obligation to pay alimony in lieu of property division, alleging that appellee had "entered into a common-law marriage and/or is voluntarily cohabitating with a member of the opposite sex."

At the hearing on said motions, the trial court, prior to the taking of any testimony, ruled as a matter of law that "such a provision is in restraint of marriage, is void, cannot be waived and the defendant is not estopped from raising it" and that said provision was contrary to public policy and statute. Appellant appeals from this ruling.

The sole question presented is whether the provision in the Decree of Divorce providing for alimony in lieu of property division made by agreement of the parties is terminable upon remarriage or whether such provision is void and a nullity under 12 O.S.1981 § 1289(B) and 15 O.S.1981 § 220.

We will first discuss 12 O.S.1981 § 1289(B), which provides:

Steidly, Neal & Davis by Charles D. Neal, Jr., McAlester, for appellant.

Thomas B. Webb, McAlester, for appellee.

ROBINSON, Judge:

In August of 1980, the appellant and appellee were granted a divorce. The record reflects that the appellant was represented

B. In any divorce decree which provides for periodic alimony payments, the court shall plainly state, at the time of entering the original decree what dollar amount of all or a portion of each payment is designated as support, and what dollar amount of all or a portion of such payment is a payment pertaining to a division of property. Upon the death of the recipient, the payments for support, if not already accrued, shall terminate, but the payments pertaining to a division of property shall continue until completed; and the decree shall so specify. *The payments pertaining to a division of property shall be irrevocable.* Upon the presentation of proper proof of death of such recipient, the court shall order the judgment for the payment of support to be terminated, and the lien thereof released unless a proper claim shall be made for any amount of past due support payments by any executor, administrator or heir within ninety (90) days from the date of death of the recipient. *The court shall also provide in the divorce decree that any such payment of support shall terminate after remarriage of the recipient, unless the recipient can make a proper showing some amount of support is still needed and that circumstances have not rendered payment of the same inequitable.* Provided, however, that unless the recipient shall commence an action for such determination within ninety (90) days of the date of such remarriage, the court shall, upon proper application, order the payment of support terminated and the lien thereof discharged. [Emphasis added.]

Appellant argues that parties to a divorce may freely contract for the disposition of their property, and in this case, the parties had an oral agreement that the payments in lieu of property division would terminate upon appellee's remarriage. Appellant cites several cases which deal with termination of alimony support payments upon remarriage, but as we view them, these cases fall short of lending authoritative support to the contention that parties by agreement may ignore § 1289(B)'s mandatory requirement that "payments pertaining to a division of property shall be irrevocable."

■ *Perry v. Perry,* 551 P.2d 256 (Okl. 1976), cited by appellant, dealt with alimony for support. The divorce decree which incorporated a prior settlement agreement between the parties, provided that alimony for support would not terminate upon the wife's remarriage "notwithstanding provisions of statute to the contrary." The court held that parties were free to contract concerning termination of alimony for support and by doing so could waive the rights granted them under 12 O.S.1981 § 1289(B). We believe this case is distinguishable as there is a vital distinction between alimony for support and alimony in lieu of property division. Jointly-acquired property must be divided when a divorce is granted.[1] A court may divide the property in kind or set the same apart to one of the parties and require the other to pay such sum as may be just to effect a fair and just division.[2] A wife is entitled to a fair and equitable division of the property acquired during marriage.[3] Where the court awards to one of the parties a sum a money in lieu of property, such sum must be in a definite amount independent of contingencies.[4]

While it is true that parties may agree pursuant to a property settlement agreement to a division of the property in less than fee simple estates and thus waive the statutory requirement that there be a complete severance of common title,[5] we can find no cases that allow the parties to agree that payments of sum of money in lieu of property may be terminated on contingencies.

Indeed, unlike payments for support, payments pertaining to a division of property

1. *West v. West,* 268 P.2d 250 (Okl.1954).

2. *Tobin v. Tobin,* 89 Okl. 12, 213 P. 884 (1923).

3. *Walter v. Walter,* 206 Okl. 209, 242 P.2d 442 (1952).

4. *Trosper v. Trosper,* 308 P.2d 320 (Okl.1957).

5. *Mills v. Mills,* 512 P.2d 143 (Okl.1973).

are dischargeable in bankruptcy[6] and do not terminate on the death of either the husband or wife.[7]

Further, it is our opinion that such agreements that payments in lieu of property division are terminable upon the contingency of remarriage contravene public policy, are contrary to the mandatory provisions of § 1289(B), and cannot be waived. Section 1289(B) states that "the payments pertaining to a division of property shall be irrevocable." The mandatory "shall" is used by the statute implying a command.[8] A statute founded on public interest and prescribing the manner in which the public interests must be performed is mandatory and cannot be waived.[9] While we agree that a right may be waived whether conferred by law or contract,[10] when a *statute* contains provisions that are founded upon public policy, such provisions cannot be waived by a private party if such waiver thwarts the legislative policy which the statute was designed to effectuate.[11] Courts must give effect to legislative acts and may not amend, repeal or circumvent them.[12]

■ We therefore hold that the oral agreement of the parties which was incorporated into the divorce decree that payments in lieu of property division would terminate upon the remarriage of appellee is contrary to a statutory expression of public policy which cannot be waived and such provision is void.[13]

We will decide next whether the provision in the divorce decree pertaining to termination upon remarriage of payments in lieu of property division, said provision being incorporated in the divorce decree by oral agreement of the parties, is also void as a restraint of marriage in violation of 15 O.S.1981 § 220. Section 220 states that "a contract in restraint of marriage of any person, other than a minor, is void."

■ A void contract is no contract at all; it binds no one and is a mere nullity.[14] The Supreme Court has stated that once a property settlement agreement is incorporated in full or in part by judicial approval, the parties' contract and rights thereunder merge into the decree. The contract is then extinguished by force of law. The rights cease to be contractual and are governed and become enforceable as a judgment.[15] If the contract, however, is void and a nullity by statute, it continues to be so once incorporated in the divorce decree with the result that the judgment as it pertains to such contract is also void. This is true because the trial court is without power or jurisdiction to render a judgment based upon a statutorily void contract.[16]

■ The jurisdiction necessary to empower a court to render a valid judgment is of three types: (1) jurisdiction of the parties; (2) jurisdiction of the general subject matter; (3) judicial power to decide a particular matter and to render the particular judgment. If any one of these three requi-

6. *In re Cox,* C.A.Okl., 543 F.2d 1277 (10 Cir. 1976).

7. *Funnell v. Funnell,* 584 P.2d 1319 (Okl.1978); *Shea v. Shea,* 537 P.2d 417 (Okl.1975); *Diment v. Diment,* 531 P.2d 1071 (Okl.App.1975).

8. *Oklahoma Alcoholic Beverage Control Board v. Moss,* 509 P.2d 666 (Okl.1973).

9. *State v. Smith,* 320 P.2d 719 (Okl.Cr.1958).

10. *Whitmire v. Zolbe,* 403 P.2d 445 (Okl.1965).

11. *Spruell v. Blythe,* 215 Md. 117, 137 A.2d 183 (1957); *Heim v. American Alliance Insurance Company of New York,* 147 Minn. 283, 180 N.W. 225 (1920); *Brooklyn Savings Bank v.*

*O'Neil,* 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296 (1945).

12. *Champlin Refining Co. v. Oklahoma Tax Commission,* 25 F.Supp. 218 (W.D.Okl.1938).

13. *See, Munsey v. Munsey,* 385 P.2d 902 (Okl. 1963).

14. *Tate v. Gaines,* 25 Okl. 141, 105 P. 193 (1909).

15. *Dickason v. Dickason,* 607 P.2d 674 (Okl. 1980); *Acker v. Acker,* 594 P.2d 1216 (Okl. 1979).

16. *West v. West,* 134 Okl. 226, 273 P. 209 (1929).

sites is lacking, the purported judgment is a nullity and is void.[17] Our statute provides that a void judgment may be set aside at any time.[18] However, a void judgment may be vacated at any time only when the invalidity of the judgment appears on the face of the judgment roll.[19]

■ It is our opinion that the judgment role affirmatively shows that the parties' contractual provision in question is statutorily void as a restraint against marriage and thus the court was without jurisdiction to decide the particular matter and was without power to render a judgment based upon a void contract.[20]

■ Where part of a judgment is void, the entire judgment is not a nullity by reason thereof, and if such void provisions are severable from the valid provisions of a judgment, a court may strike the erroneous provisions.[21]

For the reasons stated above, we affirm the trial court's decision that the provision in question is also defective and void as a restraint of marriage.

AFFIRMED.

REYNOLDS, P.J., and YOUNG, J., concur.

---

17. *Town of Watonga v. Crane Co.,* 189 Okl. 184, 114 P.2d 941 (1941).

18. 12 O.S.1981 § 1038.

19. *Petty v. Roberts,* 186 Okl. 269, 98 P.2d 602 (1940).

20. *Lee v. Tonsor,* 62 Okl. 14, 161 P. 804 (1917).

21. *LaBellman v. Gleason and Sanders, Inc.,* 418 P.2d 949 (Okl.1966).