**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

APR 9 1997

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

In re: TULSA ENERGY, INC.,

      Debtor.

TULSA ENERGY, INC.,

      Plaintiff-Appellee,

v.

KPL PRODUCTION COMPANY,

      Defendant-Appellant,

DALCO PETROLEUM, INC.,

      Defendant-Appellee,

   and

OKLAHOMA OIL & GAS
MANAGEMENT, INC.;
ASSOCIATED TRANSPORT AND
TRADING; TOTAL PETROLEUM,
INC.; TRIDENT NGL, INC.; DYNEX
ENERGY, INC.; DALCO FIFTH
GEOSTRATIC LIMITED
PARTNERSHIP;

      Defendants.

No. 96-5125

In re: TULSA ENERGY, INC.,

        Debtor.

_____

TULSA ENERGY, INC.,

        Plaintiff-Appellee,

v.

KPL PRODUCTION COMPANY,

        Defendant-Appellant,

      and

DALCO PETROLEUM, INC.;
ASSOCIATED TRANSPORT AND
TRADING; TOTAL PETROLEUM,
INC.; TRIDENT NGL, INC.; DYNEX
ENERGY, INC.; DALCO FIFTH
GEOSTRATIC LIMITED;
OKLAHOMA OIL & GAS
MANAGEMENT, INC.;

        Defendants.

No. 96-5173

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 95-C-417-C)

_____

Submitted on the briefs:

James H. Chaney and Thomas J. Daniel IV, of Kirk & Chaney, Oklahoma City, Oklahoma, for Defendant-Appellant.

Malcolm E. Rosser IV, of Crowe & Dunlevy, Tulsa, Oklahoma, for Defendant-Appellee Dalco Petroleum, Inc.

---

Before BRORBY and KELLY, Circuit Judges, and CAUTHRON,[*] District Judge.

---

BRORBY, Circuit Judge.

---

In these consolidated appeals, appellant KPL Production Company (KPL) seeks review of the district court's orders (1) affirming the bankruptcy court's determination that KPL owes statutory interest on production proceeds it withheld from appellee Dalco Petroleum, Inc. (Dalco), and (2) awarding Dalco attorney's fees as the prevailing party under Okla. Stat. tit. 52 § 570.14. We reverse and remand for further proceedings.[1]

"In reviewing a district court's decision affirming the decision of a bankruptcy court, this court applies the same standards of review which governed

---

[*]    Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

[1]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

the district court. The bankruptcy court's findings of fact will be rejected only if clearly erroneous. Its conclusions of law, however, are reviewed <u>de novo</u>." <u>Broitman v. Kirkland (In re Kirkland)</u>, 86 F.3d 172, 174 (10th Cir. 1996) (further citations omitted).

Dalco owned a working interest in certain oil and gas wells. Beginning in May 1984, KPL, the operator of the wells, withheld proceeds belonging to Dalco and appellee/debtor Tulsa Energy, Inc., due to a title dispute between Dalco and Dynex Energy.[2] Tulsa Energy thereafter filed this adversary proceeding, seeking turnover of the suspended revenues from KPL. On August 10, 1984, KPL paid the withheld proceeds, without interest, into the registry of the bankruptcy court.

At issue here is whether KPL should have paid interest on these proceeds. KPL contends that it does not owe Dalco interest, because Dalco signed a division order allowing KPL to withhold production proceeds without interest in the event of a title dispute. The division order Dalco signed provided, in part, as follows:

> In the event any dispute or question arises concerning the title of Owner to the Property and/or the oil or gas produced therefrom or the proceeds thereof, you will be furnished evidence of title satisfactory to you upon demand. Until such evidence of title has been furnished and/or such dispute or question of title is corrected or removed to your satisfaction, or until indemnity satisfactory to you has been furnished, you are authorized to withhold the proceeds of such oil or gas received and run, without interest.

---

[2] Dalco assigned its working interest in the wells to Tulsa Energy on June 19, 1992.

-4-

Appellant's App. at 59 n.7.

Both the bankruptcy court and the district court concluded that this waiver

was in derogation of Oklahoma's Production Revenue Standards Act, which

provides in part as follows:

> D. 1. Except as otherwise provided in paragraph 2 of this subsection, where proceeds from the sale of oil or gas production or some portion of such proceeds are not paid prior to the end of the applicable time periods provided in this section, that portion not timely paid shall earn interest at the rate of twelve percent (12%) per annum to be compounded annually, calculated from the end of the month in which such production is sold until the day paid.
>
> 2. a. Where such proceeds are not paid because the title thereto is not marketable, such proceeds shall earn interest at the rate of six percent (6%) per annum to be compounded annually, calculated from the end of the month in which such production was sold until such time as the title to such interest becomes marketable.

Okla. Stat. tit. 52, § 570.10 (1992) (formerly found at Okla. Stat. tit. 52 § 540,

with language substantially the same).

Under Oklahoma law, parties generally may waive rights conferred by law

or by contract. See Isenhower v. Isenhower, 666 P.2d 238, 241 (Okla. Ct. App.

1983). However, "[w]hen a statute contains provisions that are founded upon

public policy, such provisions cannot be waived by a private party if such waiver

thwarts the legislative policy which the statute was designed to effectuate." Id.

Both the bankruptcy court and the district court found that the interest payment

provisions of § 570.10 could not be waived because they reflect an Oklahoma

public policy which requires prompt payment of production proceeds, relying on

Hull v. Sun Refining & Marketing Co., 789 P.2d 1272 (Okla. 1990). In Hull, the

Oklahoma Supreme Court stated the following:

> The Legislature's use of the term "shall" in § 540(A) in relation both to the time when payments must commence and to payments to interest owners with marketable title indicates a legislative mandate equivalent to the term "must," requiring interpretation as a command.
>
> . . . .
>
> Section 540 was enacted for a purpose--to ensure that those entitled to royalty payments would receive proceeds in a timely fashion. . . . In enacting § 540, the Legislature has expressed its intent that it shall be the public policy in Oklahoma for royalty owners to receive prompt payment from the sale of oil and gas products.

Id. at 1277, 1279 (emphasis added).

Hull thus indicates that there is a public policy in Oklahoma for interest

owners to receive prompt payment of proceeds. In assessing the applicability of

this policy to the waiver at issue here, however, it is important to distinguish

between the two types of interest available under § 570.10. Section

570.10(D)(2)(a) provides for six percent interest on unpaid proceeds, in the event

that funds are withheld because the interest owner's title is not marketable.

Section 570.10(D)(1) provides for twelve percent interest, in the event that

payments are withheld for any other reason. The bankruptcy court has determined

(without challenge in this appeal) that the six percent provision, not the twelve

-6-

percent provision, applies to the funds withheld in this case. See Appellant's App. at 58-59.

It is clear that the twelve percent interest provision is designed to facilitate prompt payment of proceeds. See Fleet v. Sanguine, Ltd., 854 P.2d 892, 899-900 (Okla. 1993) ("Prejudgment interest in the § 540(B) sense is not merely compensation for the use of money belonging to another. Rather, it is interest qua penalty to compel compliance with § 540(A)." (footnotes omitted)). Therefore, there is a strong rationale for applying the public policy rule in Hull to forbid attempts to contract around the twelve percent provision. However, the applicability of this rationale to the six percent interest provision is not on such solid ground.

Section 570.10(D)(2)(a), the "six percent" provision, recognizes the operator's right to withhold proceeds in the absence of marketable title. See Hull, 789 P.2d at 1277 ("§ 540 justifies suspension of royalty payments [in the event] of unmarketable title"). It is the interest owner's responsibility to establish marketable title so that he can receive proceeds. See id. at 1279 ("The right to payment rests on a showing of marketable title."). Public policy requiring prompt payment of proceeds cannot spur on the party responsible for payment, because he cannot be, and is not, required to pay until the other party has cleared up his title.

In Fleet, 854 P.2d at 899-900, the Oklahoma Supreme Court drew a distinction between interest designed to compensate for the use of money, and interest designed to compel the performance of an act. It placed only the twelve percent interest provision in the latter category. See id. There is additional evidence in the Oklahoma statutes that the six percent rate is intended only to compensate for the use of money, not to compel performance. Okla. Stat. tit. 15 § 266 sets the interest rate on all contracts where no rate is specified at six percent. The six percent rate in § 570.10 is thus exactly the same as the "standard," nonpunitive rate of interest contained elsewhere in the Oklahoma statutes.

We conclude that the six percent interest provision here, rather than being designed to compel prompt payment, merely compensates the party entitled to payment for the "use of his money" until he can establish marketable title. Appellee has not pointed to any public policy which would prevent parties from agreeing to waive interest of this type in a division order. In fact, the Oklahoma statutes are to the contrary. We note that under § 266, parties are free to "waive" the six percent "default rate" on sums due under contract and to set their interest rate, by agreement, at any rate that is not usurious; including, one presumes, at "zero percent."

The bankruptcy court should not have refused to give effect to the waiver contained in the division order, to the extent it waives the right to six percent interest, on the basis of Oklahoma public policy. Our holding in this respect makes it unnecessary for us to determine whether Dalco was the "prevailing party" for purposes of Okla. Stat. tit. 52 § 570.14; any questions concerning attorney's fees can be resolved on remand as part of the further proceedings we now order.

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED and this matter is REMANDED for further proceedings in accordance with this order and judgment. KPL's Motion to Certify Question of State Law is DENIED.