HAYNES v. HAYNES.

No. 32221.   June 4, 1946.

*169 P. 2d 563.*

Hall & Cotton and A. R. Thompson, all of Oklahoma City, and E. C. Hopper, of Eufaula, for plaintiff in error.

F. C. Helm, of Henryetta, and O. Green, of Eufaula, for defendant in error.

CORN, J. William Haynes sued Louise Francis Haynes for divorce in the district court of McIntosh county, alleging desertion. He further alleged that during the marriage he had expended certain funds in clearing indebtedness against the parties, farm, title to which was in defendant's name, and asked that the property be divided between them, together with personal property.

Defendant filed answer admitting the marriage and alleging the abandonment complained of resulted from plaintiff's extreme cruelty toward defendant. Further answering, defendant alleged the farm land had come to her by inheritance, but had been mortgaged at plaintiff's insistence, and the money, together with rents and profits from such farm, had been used by plaintiff.

By cross-petition defendant asked for divorce on the ground of plaintiff's cruelty and that plaintiff be required to reimburse her for money collected from property and an accounting for years 1939-44, inclusive; and that she have title to said farm free of any interest asserted by plaintiff, as well as judgment for all money due by reason of his collection and expenditure of rents, and for other relief.

At the trial plaintiff's evidence was that at the time the parties were mar-

ried in 1924 a mortgage was placed on this property in a division of property between defendant and members of her family. That both parties had worked on the farm for their livelihood, and that plaintiff had expended $900.55, received from his soldier's bonus, in paying off a large accumulation of back taxes, as well as in paying on the mortgage indebtedness. Plaintiff further testified that the income from the farm had been used in paying on indebtedness after defendant had left the home in 1938, although plaintiff was left on the farm. There was further testimony that defendant had said that half of the place was to be plaintiff's.

Defendant's evidence was that the property was hers by inheritance, and that the mortgage was placed against the farm in a division of the property left by her father, in adjusting what was left between defendant and her sisters. The amount of the mortgage grew from $400 to about $1,500 with interest, but at the time of the trial had been paid down to about $600. Defendant denied that plaintiff had received soldier's bonus money which had been applied to the indebtedness. Defendant further testified that in 1938 and 1939 she made the crops on the farm, and that she, and not plaintiff, had paid taxes on the farm since 1936, and that plaintiff had only rented the farm from her after she left, but had not kept up the taxes and loan as he had agreed to do.

The trial court found that the first mortgage was for $450 or $500, and that another mortgage increased this to $900, which was increased by interest to $1,450, and from the evidence determined that plaintiff had put some of his bonus money into the farm. Judgment of divorce was rendered for defendant on her cross-petition, but the court decreed plaintiff a one-fourth interest in the farm on the grounds the evidence showed plaintiff had made contributions from his own funds to prevent foreclosure and reduce indebtedness against the land, said interest being subject to one-fourth of the $600 indebtedness remaining against the land.

From this judgment the defendant has appealed, upon the single proposition that a wife's separate property may not be awarded a husband when a divorce is granted the wife by reason of the husband's fault or aggression.

12 O.S. 1941 § 1278 provides as follows:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored her maiden name if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable. As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof. In case of a finding by the court, that such divorce should be granted on account of the fault or aggression of the wife, the court may set apart to the husband and for the support of the children, issue of the marriage, such portion of the wife's separate estate as may be proper. R.L. 1910, § 4969."

Numerous cases wherein this statute has been construed are cited by defendant to substantiate her position.

Defendant cites Peters v. Peters, 172 Okla. 575, 46 P. 2d 487, and Turlington v. Turlington, 193 Okla. 421, 144 P. 2d 957, as supporting the rule, contended for by defendant, that under the statute the wife's separate property may not be awarded the husband in the event the wife is granted a divorce by reason of the husband's fault.

We hold that the rule has no application in the matter now before us. The trial court found, and the record supports such findings, that plaintiff had made valuable contributions from his own funds toward the preservation, improvement and redemption of the land, to prevent foreclosure and to reduce outstanding indebtedness.

The trial court found, in effect, that this property was not separate property within the meaning of the statute, since the plaintiff had invested his own funds toward preservation of the property, although the nominal title rested in defendant. Under the circumstances shown in the record, such finding and judgment are amply supported by the evidence, and are justified as being within the discretion vested in the trial court in such cases.

We are committed to the rule that in cases of equitable cognizance we will accord great weight to the trial court's findings, and a judgment will not be disturbed unless clearly contrary to the weight of the evidence. Brazelton v. Lewis, 192 Okla. 568, 137 P. 2d 905; Benson v. Benson, 194 Okla. 309, 151 P. 2d 416; Dungey v. Dowdy, 195 Okla. 361, 159 P. 2d 531.

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, and DAVISON, JJ., concur.