No. 15,756.

SHAPIRO *v.* SHAPIRO.

(175 P. [2d] 386)

Decided December 2, 1946.

Mr. ISAAC MELLMAN, for plaintiff in error.

Mr. JOHN J. MORRISSEY, Mr. WILLIAM H. SCOFIELD, for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

DEFENDANT Max S. Shapiro here seeks review of a judgment for alimony entered against him on petition for accounting in an action brought by his wife, Mary E. Shapiro, for divorce. Under interlocutory decree of divorce he was required to pay into the registry of the court the sum of $42.50 on the first and fifteenth of each month until further order of the court, for support of plaintiff and their minor child. He made payments as ordered to May 1, 1945. May 20, 1945, after the divorce became final, defendant induced plaintiff to return with their child to his home, where they resided together until January 13, 1946, when dissension again arose and they again separated. During those months plaintiff testified that she did the cooking, laundry and cleaning for the family; took defendant to and from his store in the car; took the child to and from private school, and much of the time worked several hours a day in defendant's store. At various times she received checks from him of varying amounts which totalled slightly more than the amount required of him under the court order for that period. Plaintiff testified she used all this money and more for household expenses and clothing for the family.

At the time they resumed family relations they had not yet received a ghet, or Jewish divorce, as required by their religious faith, and plaintiff testified that when she returned to defendant's home she felt she was still his wife and came with the understanding that they would immediately go through the formality of a civil marriage ceremony, but that defendant thereafter refused to carry out the agreement. Defendant testified that he had never made any statement that they should be remarried and that "she came over to keep house for herself and me and son." After they had again separated, plaintiff filed petition for accounting as to alimony due, and the court entered findings as follows:

"The Court finds from the evidence that the money paid by the defendant after May 2nd, commencing on

May 15th, was to maintain himself a home for his own pleasure and comfort, and that the evidence shows he has received the fruits of that investment. The checks which were given plaintiff, Mary Shapiro, were given for the purpose of establishing a home for his comfort and not with any intent to comply with the order of the Court.

"The Court finds that Mary Shapiro, on the belief that she was performing an obligation as his wife and maintaining the household for his comfort, did those things incidental to the keeping of a home that any wife would do which entailed work which would be called, in the language of the street, that of a servant or an employee; that she received a place to sleep and her food, but that is not in compliance with the order of Court with respect to the payment of support money as decreed in the interlocutory decree.

"Accordingly, the Court finds that the defendant, Max S. Shapiro, is in default under the decree commencing with May 15, 1945, until February 1, 1946, exclusive of the payment of $110 which was paid in cash after this relationship ceased. * * *."

The evidence amply supports these findings, and the facts as found support the judgment.

■ Accepting defendant's own testimony, during the time here in dispute, plaintiff was at his home, not as his wife, but as his housekeeper. As such she was not obligated to pay the expenses of the household and was at least entitled to her living expenses. Employment is no bar to alimony, but at best only ground for modification of the amount properly allowed. Defendant made no application to the court for such modification and the order requiring payment of alimony continued in force. No other issue is raised except as to the further order of the court allowing plaintiff temporary use of the family residence, which issue has now become moot by virtue of subsequent final disposition by the court.

■ Plaintiff has filed petition for allowance of costs and attorney fees in connection with writ of error here considered. Defendant here sought review and made necessary plaintiff's defense. Consequently plaintiff is entitled to repayment of the expense necessarily incurred and reasonable ·attorney fee. She therefore is hereby awarded the sum of $150.00 as attorney fee, together with $34.29 for court costs and expense of printing brief.

The judgment is affirmed and the cause remanded with instructions to enter further judgment in accordance with the above award.