Robert B. FUNK, Plaintiff in Error,

v.

Martha Jane FUNK, Defendant in Error.

No. 37706.

Supreme Court of Oklahoma.

Dec. 17, 1957.

Samuel A. Boorstin, A. M. Covington, Tulsa, for plaintiff in error.

Saul A. Yager, Tulsa, for defendant in error.

PER CURIAM.

This action was commenced by defendant in error, plaintiff below, to secure a divorce and related relief from plaintiff in error, defendant below, on the statutory grounds of extreme cruelty and gross neglect. Plaintiff in error cross-petitioned for a divorce on the ground of incompatibility. Further reference to the parties will be by their trial court designation.

Plaintiff and defendant were married in December, 1952, and have lived in Tulsa since that time. There are no children. Both parties are college graduates. Prior to their marriage plaintiff was gainfully employed but she left that job to be married

and has not worked at outside employment since that event. The defendant is employed and earns approximately $709 per month. In March, 1956, after an argument, defendant left their home and informed plaintiff that he wanted her to secure a divorce immediately. This action was filed in June, 1956. Both parties testified that they did not believe a reconciliation was possible.

At the time of their marriage the parties owned no property other than a 1950 model automobile which belonged to defendant. Approximately one year prior to this action the parties purchased a home for a contract price of $15,350. They made certain minor improvements during that year. In addition to the home their property consists of their household goods, which represent an initial investment of approximately $2,500; the car, which was valued at $400; and a "thrift savings" account with defendant's employer of some $1,367.57. Four qualified expert witnesses testified concerning the present sale value of the home; one stated it was worth $16,000, another said $16,500, another said $17,000, and defendant's witness stated it was worth $18,500. There is an outstanding mortgage on the home of $12,036.89, and the parties owe plaintiff's father $3,000, which they borrowed upon their promissory note with interest at 4%, with which they had made the initial payment on the home. There were also about $376 of other debts.

The court granted plaintiff the divorce and awarded her the home, subject to the mortgage and the note to her father, the car, and the household furniture and equipment. The "thrift savings" were awarded to defendant. Each party was awarded their personal possessions in the home. Defendant was required to pay the other outstanding debts. As alimony the court decreed that defendant should pay $6,600 in twenty-four installments of $275 each. The temporary order for alimony pendente lite of $250 per month was continued pending this appeal and counsel fees of

$350 were also charged to defendant. Subsequently, it being conceded by defendant that he was $631 in arrears on the temporary alimony and attorney fee order, this amount was ordered paid from the "thrift savings" and that fund was thereupon released from the court's initial restraining order pending the divorce. Thereafter defendant was also ordered to pay an additional $150 attorney's fee made necessary by his conduct in failing to comply with the court's previous orders concerning plaintiff's temporary support.

Defendant contends that the court erred in granting plaintiff a divorce on the grounds of incompatibility. We do not agree. The situation here is analogous to that of Phillips v. Phillips, Okl., 267 P.2d 597, in which the trial court granted a divorce on a statutory ground not pleaded by the prevailing party. In that action we held that the court's decree in that regard would be considered as surplusage where the evidence in the case supported the court's action on a ground pleaded by the successful party. Here, the plaintiff pleaded extreme cruelty and the evidence justifies a divorce in her favor for that reason. Murphy v. Murphy, Okl., 276 P.2d 920. Too, as in the Phillips case, both parties in this action asked for divorce. In addition, at the start of trial defendant's counsel made the following statement to the court:

"By Mr. Covington:

"In order to shorten the trial of this matter the defendant is willing to agree that if plaintiff will change her theory to incompatibility, the plaintiff is entitled to a divorce."

This is the ground upon which the divorce was granted and defendant is now in no position to complain of that decision.

Defendant's second proposition is that the court's division of the jointly acquired property and order for both temporary and permanent alimony were "excessive, unjust and unreasonable." The guiding principles for our consideration of this proposition have been long established.

In Scott v. Scott, 203 Okl. 60, 218 P.2d 373, 374, we stated in syllabus 4 and 5.

"4. The court has wide latitude in determining what part of the property acquired jointly during marriage shall be given each spouse on divorce, and the statute providing for an equitable division of the property does not necessarily mean an equal division.

"5. In making an award of alimony and a division of property in a divorce action, due consideration should be given the situation of the husband as well as that of the wife, and where it appears from the evidence that the trial court has not abused its discretion in the disposition of these matters in view of the husband's ability to pay as well as the necessities of the wife, its decree will not be set aside on appeal."

Here the court awarded the wife the home and its furnishings, but also required her to pay the indebtedness on the property. The parties' equity in the home, based on its purchase price, was negligible; their equity, based on its appreciation in value, might be less than $1,000 or almost $3,000. The value of the furnishings was admitted by defendant to be considerably less than the initial investment. The defendant recieved his thrift savings of $1,367.57, but was required to pay bills amounting to $376. The division was not equal but is certainly not unjust. In addition to the other property the plaintiff was also awarded the automobile. This award was made by the court in its division of the jointly acquired property of the parties and not as a part of an award of alimony. In this particular the court erred. This automobile was the separate property of the defendant. The division of property contemplated by our statute relates solely to jointly acquired property. Champion v. Champion, 203 Okl. 105, 218 P.2d 354. However, we think the award of the automobile to the plaintiff should be sustained as an additional award of alimony and as so modified is sustained.

In plaintiff's testimony it was disclosed that she was handicapped in returning to work as a secretary due to her nervousness as a result of this divorce and her lack of practice resulting from not working while married. In its award of permanent alimony the court ordered defendant to pay plaintiff $275 per month for two years, out of which the court also directed plaintiff to pay her father $125 per month to retire the parties' debt to him. In view of the further payment of $99 per month on the home mortgage which plaintiff will be required to pay, the balance left to her, subject to the credit of pendente lite alimony paid by defendant, as hereinafter allowed, with which she must start to readjust her life is little enough and the total amount is well within the defendant's ability to pay. It was defendant who left the home and demanded a divorce. The attorney fees do not appear to be excessive, and the additional amount as attorney fees was made necessary by defendant's dilatory conduct in complying with the previous orders of the court.

We are of the further opinion and hold that the defendant should be and is granted and allowed a credit of the total sum and amounts paid monthly to the plaintiff as alimony pendente lite since the date of the judgment on the $6,600 awarded plaintiff as permanent alimony, such credit to be made and allowed on the last installments due plaintiff as permanent alimony.

The Judgment of the District Court is modified accordingly, and so modified, is affirmed.

WELCH, C. J., CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.