Virginia G. RAINES, Special Administrator of the Estate of William L. Gifford, Deceased, Plaintiff in Error,

v.

Bertha Elizabeth GIFFORD, Defendant In Error.

No. 39483.

Supreme Court of Oklahoma.

March 20, 1962.

Heskett & Heskett, B. L. Heskett, J. D. Heskett, Bartlesville, Landrith & McGee, Thomas A. Landrith, Jr., Richard K. McGee, Tulsa, for plaintiff in error.

Harris & Graham, Richard K. Harris, Nathan G. Graham, Bartlesville, for defendant in error.

JACKSON, Justice.

This is an appeal from a judgment and decree granting Bertha Gifford a divorce from William L. Gifford, and making a property division between them. Since the trial, William L. Gifford has died and Virginia G. Raines, as special administrator of his estate, has been substituted as plaintiff in error here.

One month after the case was filed, defendant William L. Gifford shot and killed the mother of Bertha Gifford. At the time of trial of the divorce action, criminal charges against the husband were pending as a result of the shooting.

A detailed statement of the facts will not be necessary in order to consider the five propositions raised by plaintiff in error, and we therefore set out only such facts as are necessary to an understanding of the arguments presented.

The first proposition of plaintiff in error is to the general effect that the court committed reversible error in refusing to sustain his motion for continuance. In support of this proposition, plaintiff in error cites 12 O.S.1961 §§ 667 and 668. The first section cited provides that "The court may, for good cause shown, continue an action at any stage of the proceedings upon terms as may be just * * *". Section 668, supra, sets out in detail certain requirements as to the contents of an affidavit for continuance on account of the absence of evidence. The affidavit for continuance in the instant case does not meet those requirements, and it is therefore apparent that the trial court correctly treated the request for a continuance as being based upon the inability of defendant to be present to assist in his own defense. For a case involving a similar situation, see Beck v. Peard, 183 Okl. 195, 80 P.2d 614.

[2] There is no statute in this jurisdiction setting out the necessary averments of an affidavit for continuance based upon the absence of a party as such, and this court has accordingly followed the rule that a trial court's action upon a request for con-

tinuance will not be disturbed unless it clearly appears that the court abused its discretion; Lynch v. Peterson, 91 Okl. 28, 215 P. 617; Beck v. Peard, supra.

■ In this connection, it should be noted that the insanity of a defendant, at time of trial, will not prevent the trial of a divorce suit against him, where the acts constituting the grounds for divorce occurred prior to the time defendant became insane. Lewis v. Lewis, 60 Okl. 60, 158 P. 368.

■ The record before us shows that the trial judge here was also the trial judge in the criminal action against the husband; that the attorneys for the husband, one of whom was appointed his guardian ad litem, had represented him for some four months prior to trial, and had filed an answer and cross petition for him; and that the request for continuance was not made until after the case was called for trial, although the letter most heavily relied upon as proof of insanity was dated some two weeks previously. Even if he were insane at time of trial, there is no evidence as to whether or not he might regain his sanity within a reasonable time and be able to assist in his own defense. Also, it was stated in the briefs, and not denied, that at time of trial of the divorce action, the defendant was physically present in Washington County, in the custody of the Sheriff.

After a consideration of all the facts and circumstances here, we cannot say that the trial court abused its discretion in refusing to grant the continuance, and defendant's first proposition is therefore without substantial merit.

The second proposition is that "it is error to grant a divorce to the spouse of an insane person unless such person applying for such divorce can affirmatively show that the insane person has been in such condition for a period of five years and has been incarcerated in some state or private institution for such period. Further that such divorce granted shall not relieve the successful party from contributing to the maintenance of such defendant".

■ The requirements mentioned in this proposition are contained in 12 O.S.1961 § 1271(12). By the terms of that sub-section, they are applicable where the ground for divorce relied upon is insanity. The grounds relied upon for divorce in this case were extreme cruelty and gross neglect of duty.

Defendant suggests under this proposition that once the insanity of defendant had been shown, it was an abuse of discretion for the trial court to award a divorce on any other grounds. Assuming for purposes of argument only that the insanity of defendant at time of trial had been established, it does not follow that no other grounds for divorce may be relied upon. Lewis v. Lewis, supra. In this connection it should be noted that under the pleadings in this case, the defense that defendant was insane at the time the acts relied upon for divorce were committed was not an issue, since such defense had not been pleaded.

■ The third proposition is to the general effect that the property division effected by the trial court was against the weight of the evidence and inequitable, and should be modified on appeal.

The record shows that at time of trial the property involved consisted of about 170 acres of land, two automobiles 5 and 8 years old, a cow, a horse, tools and farm machinery and equipment, and about $1200 in the Morris Plan Bank. The trial court found from competent evidence that the plaintiff had contributed $15,300 of her separate funds for the improvement of the family property, and for the support of the family. There was competent evidence that the real estate involved was worth $14,450.00. It also appears that although the plaintiff was awarded custody of the two small children of the parties, no separate provisions were made in the journal entry for child support money, it apparently being the intention of the trial court that plaintiff should provide for her children out of the property awarded her.

The trial court awarded to plaintiff all of the property except a 1952 model automo-

bile and one-half of the money on deposit with the Morris Plan Bank.

In addition to the general argument that the property division is against the weight of the evidence and is inequitable, defendant argues that since a substantial portion of the real estate belonged to defendant before his marriage to plaintiff, it should not have been awarded to her. We are aware of our holding in Funk v. Funk, Okl., 319 P.2d 599, to the effect that under the provisions of the statute "only property which has been jointly acquired by the parties during coverture is to be equitably divided". However, in that case an award to the wife of property acquired by the husband before marriage was sustained "as an additional award of alimony". Also, in Haynes v. Haynes, 197 Okl. 221, 169 P.2d 563, this court sustained an award to one party of an interest in the separate property of the other, where the party receiving the interest had expended funds in the preservation and improvement of the property concerned. The same situation exists here. Competent evidence before the court was to the effect that plaintiff had expended approximately $7000 in improving the real property involved. She had furnished about that much more for the support of the family.

There were many references in the record to defendant's pending trial for the murder of plaintiff's mother and to defendant's alleged insanity, and to the fact that the same trial judge would preside in both cases. The possibility that defendant might be confined, either in the state penitentiary or a mental institution, for the rest of his life, was a real factor in this case, insofar as any practical relief for the wife and children were concerned.

While it might have been better from the technical standpoint if the award to the wife had been divided into "property division", "alimony" and "child support money", we can not say the award as made here was unjustified. Money judgments in favor of the wife for alimony and child support money, even though supported by liens against the real property involved, could have resulted in time consuming, expensive and vexatious court proceedings for their collection. Also, it appears that the total value of the property awarded to the wife was probably less than what it will take to support the minor children until they become of age.

The trial court was not required to close his eyes to these very pertinent facts. Under the peculiar circumstances existing in this case, we cannot say that the property settlement ordered by the court, which undoubtedly was intended to include support for the children, was either against the weight of the evidence or inequitable.

■ The last proposition is that the court erred in the admission of certain evidence, and it arises by reason of the following: the divorce petition here set out the grounds for divorce "as nearly as possible in the language of the statute and without detailed statement of facts", as required by 12 O.S. 1961 § 1274.1. Thereafter, the defendant requested a bill of particulars as provided by the same section, and it was furnished to him. There was no specific reference in the bill of particulars to any failure of the defendant to furnish medical attention to the minor children, although there is an allegation that at a certain time "defendant demanded and insisted that the plaintiff obtain employment in order to furnish the defendant and their minor children with groceries and the necessities of life; and that as a result, she did get employment and did furnish the necessities of life for herself, her minor children and the defendant".

During the trial, plaintiff was permitted to show by competent evidence that in January, 1960, one of the children was ill with scarlet fever, and that defendant refused to purchase medicine prescribed by the doctor. This is the evidence to which defendant objects. If it was not admissible under that part of the bill of particulars quoted above, it was admissible in rebuttal to defendant's own cross petition, in which he asked for the custody of the children and affirmatively alleged that he was a fit and proper person for their custody. Needless to say, the

proof admissible under defendant's cross petition was not limited by the allegations of fact contained in plaintiff's bill of particulars. In this connection, we note that the only objection urged before the trial court to the admissibility of this evidence was that it constituted a departure from the allegations of the bill of particulars. No question as to the proper order of proof was submitted.

After a careful consideration of the record in this unfortunate case, and of the arguments in the briefs, we cannot say that the judgment of the trial court is against the weight of the evidence.

The judgment of the trial court is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.