Anita E. DuBOISE, Plaintiff in Error,

v.

Woodrow W. DuBOISE, Defendant in Error.

No. 41188.

Supreme Court of Oklahoma.

Oct. 11, 1966.

Erwin & Erwin, Chandler, for plaintiff in error.

Richard James, Stroud, for defendant in error.

HODGES, Justice.

There is involved here a divorce action. Parties will be referred to as they appeared in the trial court. Plaintiff in her petition filed on January 21, 1964, seeks a divorce on allegations of incompatibility and other grounds, custody of the minor child of the parties, alimony and other relief. Defendant on March 28, 1964, filed an answer and cross-petition seeking a divorce on the grounds of incompatibility, a division of the property of the parties, a determination of the custody of the minor child and an order fixing child support in event the child was awarded to the plaintiff. Plaintiff replied by general denial. Upon the issues so made the action was tried in the trial court on July 20, 1964. The trial court granted the plaintiff a divorce on the ground of incompatibility, gave her custody of the minor child, directed child support in the amount of $80.00 per month and awarded her certain property in lieu of alimony. Plaintiff filed a motion for new trial and prosecutes this appeal from the overruling thereof.

Plaintiff, Anita E. DuBoise, at the age of 16 married defendant, Woodrow W. DuBoise, age 19, on May 2, 1937. Soon thereafter the parties established a home on 80 acres of farm land in Lincoln County owned by Gordon Young, the father of the plaintiff, and continued residence there until their separation in 1964. Plaintiff still resides on the farm and refers to it in her petition as "the homestead of the parties."

Two children were born of said marriage, Larry, age 22 and Kenny, age 16 at the time the divorce was granted. Larry is married and is employed by the Western Electric Company in Oklahoma City. Kenny lives on the farm with his mother and goes to high school.

On the date of trial, plaintiff, Anita E. DuBoise, was 42 years old; defendant, Woodrow W. DuBoise, 46 years old; and Gordon B. Young, father of Anita E. Du-Boise, 71 years old.

Plaintiff's father and mother deeded the 80 acre farm to the parties, W. W. DuBoise and Anita E. DuBoise, on December 30, 1947.

During the year 1954, the father of the plaintiff loaned the parties approximately $4,000.00 which was used in making extensive improvements on the farm residence. The father later cancelled the obligations as a Christmas present to the parties.

During the married life of the parties a barn was built on the farm, fences erected and other improvements made. The erection of these improvements were financed by the defendant with some contributions by the plaintiff from funds furnished by her father.

The principal portion of the funds used in furnishing of the home including wall-to-wall carpeting, deepfreeze unit and automatic washer were furnished by the defendant.

At the time of the divorce the parties owned two motor vehicles, a 1957 Ford clear of indebtedness, and a 1962 Chevrolet pick-up truck encumbered by a $1,048.00 mortgage.

On February 16, 1956, the plaintiff's father conveyed to her a 160 acre farm in Lincoln County subject to a $9,000.00 mortgage. As a part of the transaction it was agreed that the father was to continue living on the farm during his lifetime and was to pay the plaintiff an annual rental of $450.-00. Plaintiff agreed to pay the interest on the mortgage which amounted to $450.00 annually.

The defendant cultivated the 160 acres and qualified the property for participation in the soil bank by complying with the requirements of the Department of Agriculture. Plaintiff receives an annual payment of $913.00 from the government as compensation for the use of the land as a soil bank.

Evidence was submitted that the plaintiff jointly with her father owns approximately $27,000.00 in real estate mortgages. The father and the plaintiff own these mortgages as joint tenants with rights of survivorship, the survivor to take all.

Defendant on August 23, 1945, entered the employment of the Oklahoma Gas and Electric Company (O.G. & E.) at its plant located at Harrah, Oklahoma, and has been continuously employed by O.G. & E. since said date. At the time of trial he was employed as a relief engineer for O.G. & E., his "take home" pay being $450.00 per month.

During the married life of the parties the defendant provided the living expenses of the family with slight contributions by the plaintiff.

The parties accumulated no savings or financial investments during the marriage with the exception of retirement benefits of the defendant through his employment with O.G. & E.

The value of the home farm was established as $14,500.00 or $100.00 per acre. The 160 acre farm deeded to plaintiff by her father was valued at $26,000.00.

■ The evidence introduced at the trial establishes no serious misconduct on the part of either of the parties but sustains the judgment of the trial court awarding the plaintiff a divorce on the grounds of incompatibility.

The trial court awarded the plaintiff forty acres of the homestead including the house and all its furnishings. Plaintiff was awarded the 160 acres deeded to her by her father and all property acquired from her father with the exception of forty acres of the homestead. The award to the plaintiff included the real estate mortgages owned jointly with her father and certain mineral interests that she had inherited. She was also awarded most of the personal property including the Ford automobile. The defendant was awarded forty acres of the homestead and the Chevrolet pickup truck. He was required to pay all family bills including payments on the personal property awarded the plaintiff and to pay the balance of indebtedness on the pickup truck. Plaintiff was awarded $80.00 per month support for the minor child. The court stated that the award for child support might later be increased if the child decided to attend college.

Plaintiff contends that the trial court erred in denying her permission to offer testimony at the hearing on her motion for new trial relating to the value of certain retirement benefits the defendant possessed in connection with the retirement program of his employer, O.G. & E.

During the trial of the case the defendant was cross-examined vigorously by the attorney for the plaintiff regarding his employment with O.G. & E., his gross pay, and his "take home" pay. If the attorney desired to propound additional questions regarding the retirement program of defendant's employer he had an opportunity to do so. An official of O.G. & E. testified as a witness. Here again an opportunity was afforded counsel to make inquiry regarding the retirement program of O.G. & E. He asked the witness no questions concerning this matter.

■■ One seeking relief on motion for new trial on the grounds of newly discovered evidence has the burden of establishing that his failure to produce such evidence at the trial was not due to lack of diligence on his part. Failure to make inquiry of persons likely to know the facts constitutes lack of diligence. Transport Insurance Company v. McAlister, Okl., 355 P.2d 576; Odeneal v. Halley, 207 Okl. 642, 251 P.2d 1048; Parrish v. Nichols, 175 Okl. 251, 52 P.2d 54.

There must be a showing that the party with reasonable diligence could not have discovered the evidence in time to produce it at the trial of the case. Manos v. Leche, 205 Okl. 213, 236 P.2d 693.

■■ In a divorce action where a request is made to reopen the case for the introduction of additional evidence on a motion for new trial, the granting of the request is discretionary with the court and its denial of the request will not be disturbed in the absence of an abuse of discretion. We have examined the record and find no abuse of discretion by the trial court in declining to reopen the case for the admission of the alleged newly discovered evidence. See Banta v. Banta, 202 Okl. 86, 210 P.2d 346.

■■ We now turn to the question of the correctness of the decision of the trial court in awarding property to the plaintiff in lieu of alimony. In making a division of property in a divorce action the court should give consideration to the situation of both the husband and the wife. Roberts v. Roberts, Okl., 357 P.2d 980; Funk v. Funk, Okl., 319 P.2d 599; Scott v. Scott, 203 Okl. 60, 218 P.2d 373. The division is not required to be equal and the trial court is vested with a wide latitude of discretion in making the division. Funk v. Funk, supra; Jorski v. Jorski, Okl., 304 P.2d 1057; West v. West, Okl., 268 P.2d 250; Boles v. Boles, 194 Okl. 261, 149 P.2d 502; Bishop v. Bishop, 194 Okl. 209, 148 P.2d 472, 155 A.L.R. 604.

Plaintiff particularly complains that the trial court erred in awarding the defend-

ant 40 acres of the homestead, leaving her the house and 40 acres. She urges that this tract of land was her own separate property. This 80 acre tract was conveyed to plaintiff and the defendant jointly by the father of the plaintiff on December 30, 1947. It was a gift from the father to both the plaintiff and the defendant and neither of the parties paid any consideration for the deed. In 1954 improvements were made on the property with funds provided by the father. Other improvements were made on the property by the defendant either by his own labor or the use of his own funds. The parties lived on the farm for more than 16 years or until their separation. They developed the property jointly as a home.

In Haynes v. Haynes, 197 Okl. 221, 169 P.2d 563, the wife held title to a farm acquired by inheritance prior to her marriage. During the marriage of the parties running over a period of about 20 years the husband and wife both worked on the farm and made improvements on it. The husband furnished a portion of the funds for the upkeep of the farm from his own resources. This court held the "property was not separate property" of the wife "although the nominal title rested in" her. A judgment of the trial court awarding the husband a one-fourth interest in the farm was affirmed by this court.

This court will accord considerable weight to the trial court's finding as to the equitable division of property upon granting a divorce, and the judgment of the trial court will not be disturbed on appeal unless it can be said that the division as made is unfair and inequitable or clearly against the weight of the evidence. Turlington v. Turlington, 193 Okl. 421, 144 P.2d 957; Walter v. Walter, 206 Okl. 209, 242 P.2d 442.

The evidence established that the value of the 80 acre homestead was approximately $14,500.00. The approximate value of the 40 acres with the house awarded to the plaintiff was $10,500.00, and the 40 acres awarded the defendant was $4,000.00. This 80 acre tract was worth approximately $2,-500.00 when conveyed to the parties by the

plaintiff's father. The trial court's division of the homestead was fair considering all the circumstances of this case.

After carefully reviewing the record and testimony, we do not believe that the trial court's award of property to the plaintiff in lieu of alimony was unfair or contrary to the weight of evidence. Judgment affirmed.

JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN and BERRY, JJ., concur.