**George F. COLLINS, Jr., Plaintiff In Error,**

v.

**OKLAHOMA TAX COMMISSION, Defendant In Error.**

No. 43006.

Supreme Court of Oklahoma.

Oct. 15, 1968.

Rehearing Denied Oct. 29, 1968.

Garrett Logan, Donald P. Moyers, William A. Goffe, Tulsa, for plaintiff in error.

Albert D. Lynn, E. J. Armstrong, Mike Tapp, Oklahoma City, for defendant in error.

· ·PER CURIAM:

Plaintiff in error, herein designated Taxpayer, has appealed directly from an order of the Oklahoma Tax Commission, hereafter referred to as the Commission, denying Taxpayer's protest against assessment of ($21,770.64) additional income tax and interest for year 1959. This assessment was entered by reason of Taxpayer's transfer of (26,592) stock shares of Liberty Glass Company, pursuant to a written settlement agreement incident to divorce.

The single issue is whether transfer of stock under these circumstances constituted a sale or exchange within the meaning of applicable provisions of our tax code (68 O.S.1951, § 883), or was a nontaxable division of property jointly acquired during marriage. Hereafter the essential facts providing basis for the controversy are summarized.

Taxpayer married Beverly Lorton, a widowed mother of one child, in 1942. This child was adopted by Taxpayer, and three other children were born of the marriage. Much of the Taxpayer's estate consisted of inherited property, and during the marriage he was the principal stockholder and executive officer of the company. During their marriage the wife was not employed, but was interested in and so conducted herself as to be of great assistance to Taxpayer in his business affairs. On December 31, 1942, the company's net worth, plus other interests was approximately $1,000,000.00, while on December 31, 1958, net worth exceeded five million dollars.

The parties became unable to continue their marriage and in April 1959, after

considerable negotiation, entered into a written agreement fixing custody and support of the children and generous alimony. Additionally this agreement, after enumerating various transfers of personal property not involved herein, required Beverly to relinquish and transfer all life insurance policies upon Taxpayer's life, a 10% interest in stock of another family corporation owned principally by a trust which held 88% for benefit of the children and Beverly, which interest she had acquired in 1944 with her own funds. In complete settlement of Beverly's rights and to effect a fair and equitable division of the parties' jointly acquired property, Taxpayer transferred the mentioned shares of stock, constituting 16.62% of the total outstanding common stock of the company, but amounting to 20% of Taxpayer's holdings.

Thereafter Beverly filed suit for divorce, asking alimony, child support and a just and equitable division of property jointly acquired during marriage. Taxpayer answered acknowledging terms of the agreement and asked approval by the trial court in event divorce was granted. The trial court found Taxpayer's estate at time of marriage was largely by inheritance, but during years of marriage Beverly had made valuable contributions toward success and growth of Taxpayer's business enterprises. The court then found the settlement agreement effected a fair and just division and settlement of the parties' affairs which Beverly desired to accept in lieu of all statutory rights, including right to division of property. The agreement was not incorporated in or superseded by the decree, but was to remain in full force and effect. The parties thereafter effected transfers requisite to complete settlement of their property rights.

Early in 1961 sale or redemption of her stock by Taxpayer was discussed but they were unable to agree upon price. Shortly afterward her stock was sold to an official of a Liberty competitor for $900,000.00 or $33.84 per share. Operational difficulties engendered from this individual's activities eventually necessitated Taxpayer's repurchase (June 1962) of the stock for $1,300,-000.00, or $48.92 per share.

Taxpayer reported no gain resulting from the stock transfer to Beverly on his 1959 income tax return. The Commissioner of Internal Revenue issued a deficiency assessment, fixing $20.00 per share as fair market value when transferred, and determined the transfer constituted a disposition which established a long term capital gain. The deficiency assessment of $128,006.20 for 1959 income tax was paid under protest.

This ruling was attacked in a proceeding before the U.S. Tax Court, which ruled adversely to Taxpayer upon grounds the stock transfer pursuant to the settlement agreement and incident to divorce constituted disposition of property resulting in taxable gain. See George F. Collins, Jr. v. C. I. R., 46 TC 461. The decision reflects that court's recognition of our statute, 12 O.S.1961, § 1278, and decisional law relevant to nature, existence of, and necessity for equitable division of property jointly acquired during marriage. The decision also reflects the interpretation that the stock transfer, required to effect an equitable property division, was merely in return for Beverly's release of an independent legal obligation, to-wit: the legal obligation placed upon all property held in Taxpayer's name by Oklahoma law.

This is bottomed upon the reasoning that Beverly had no specific interest in Liberty stock as distinguished from a general interest in all property jointly acquired during marriage, thus the transfer was not a division of jointly owned stock as would have been true " * * * in a community property State if the stock were considered community property or the situation existing when the spouses are legally joint owners of the property divided." Thus, because the parties neither held property as in a community property state, nor showed specific property to which title was taken jointly, the court declared the transaction was an exchange rather than "a division of property by co-owners", as was the case in United States v. Davis, 370 U.S. 65, 82 S.Ct. 1190, 8 L.Ed.2d 335.

Petition for review to the U.S. Circuit Court of Appeals resulted in affirmance of the Tax Court, upon grounds that under Oklahoma law the transfer was a "taxable exchange" of property "in satisfaction of a marital obligation" resulting in gain to the taxpayer, rather than division of jointly acquired property. Collins v. C. I. R. (CCA 10) 388 F.2d 353 (1966). The determination that Oklahoma law made this a sale or transfer, based upon factors and asserted differentiations not heretofore recognized or found in our decided cases, coupled with reliance upon authorities which will require further consideration. This becomes necessary because of the Tax Commission's adjudication, holding the Federal rule governed Taxpayer's Oklahoma income tax liability.

Immediately after Collins, supra, was decided, the Oklahoma Tax Commission on February 1, 1968, advised Taxpayer an amended audit disclosed additional tax and interest, amounting to $21,770.60, due upon his 1959 income tax return. Taxpayer paid this assessment under protest, denied the transfer was a taxable event and asserted the statute, supra, supported his claim the transfer in settlement of a division of property was not a taxable transfer.

After hearing, the Commission found the facts and contentions to be identical with those made in the Federal case, and decreed the same rule of law applied and governed the Oklahoma income tax liability. In denying Taxpayer's protest the Commission adopted the rules announced in the decision of the appeals court, the gist being stated in the editorial syllabi:

"State law controlling disposition of property upon divorce was determinative of nature of disposition for income tax characteristic purposes. 26 U.S.C.A. (I.R.C.1954) §§ 1001(c), 1002."

"Taxpayer's transfer of stock to wife under property settlement agreement was, under applicable Oklahoma law, a 'sale or exchange of property', rather than a division of jointly owned property, and resulted in taxable gain to taxpayer. 26 U.S.C.A. (I.R.C.1954) §§ 1001(c), 1002; 12 Okl.St.Ann. § 1278."

■ Beyond argument, determination as to what constitutes a taxable transfer under Federal tax statutes presents a question controlled by Federal law as to which Congress establishes its own criteria. State law may control only in event the Federal tax law, by express language or necessary implication, makes operation of the taxing law dependent upon state law. Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119; New York Trust Co. v. Pedrick, D. C., 94 F.Supp. 369. This principle is well settled, despite the equally recognized principle that where state law controls Federal courts, both trial and appellate, must ascertain and apply state law. Huddleston v. Dwyer, 322 U.S. 232, 64 S.Ct. 1015, 88 L.Ed. 1246. It is generally understood, however, that the field of domestic relations affecting husband and wife, or parent and child, belongs exclusively to the state. McCarty v. Hollis (CCA10) 120 F.2d 540, and authorities cited.

The Commission urges that no actual adjudication was made in the divorce action, either as to alimony or property rights, since these matters were settled by contract. And, because the agreement was not incorporated into the decree, the parties' future rights would be dependent upon contract and the court thus was prevented from adjudicating in respect to alimony or property rights.

This argument, and the conclusion Taxpayer traded valuable consideration for Beverly's relinquishment of the right to litigate her claims in the divorce proceeding is unsound. Aside from the principle the law favors compromises as conducive to amicable relations between parties in controversy, the written contract settled all future rights. In McRoberts v. McRoberts, 177 Okl. 156, 57 P.2d 1175, we held a written agreement, evidencing parties' desire for a decree in accordance with such agreement, was extinguished upon entry of the decree, regardless of whether the

decree conformed therewith. And, absent fraud, a divorce granted at the instance of one party operates as a bar to future claims by either party to property of the other. In that case appears this observation: " * * * parties may no more bindingly contract before divorce as to what their future property rights under a divorce decree shall be than they could contract as to whether they would be bound at all by said decree, even as to divorce itself. * * *"

■ Turning to the controlling question, it is observed that under 12 O.S.1961, § 1278, the particular proviso respecting division of jointly acquired property when granting divorce is not permissive, but defines a mandatory duty placed upon the trial court. This statute came into our code from the body of Kansas law, and has remained as adopted.

The statute, 12 O.S.1961, § 1278, in pertinent part provides:

" * * * As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof. * * *"

The quoted proviso is not permissive, but lays a mandatory duty upon the trial court. The origin, nature and purpose of the provision have been reiterated so often citation and discussion of cases scarcely is required, other than for purposes of comparison, and in opposition to the Federal court's interpretation of Oklahoma law in this instance.

■ The following decisions unequivocally establish Oklahoma law governing the nature and extent of a wife's interest in property jointly acquired during coverture. Property acquired during married life as the result of industry, economy and business ability is the jointly acquired property subject to the equitable division required under the statute. Tobin v. Tobin, 89 Okl. 12, 213 P. 884. If property has been acquired by joint effort during marriage the wife has a vested interest therein which is not forfeited even though she may be at fault. Davis v. Davis, 61 Okl. 275, 278, 161 P. 190, 193.

■ The nature of the wife's interest is similar in conception to community property of community property states, and is regarded as held by a species of common ownership. The fact record title is in the husband by reason of conveyance or contract does not destroy such joint ownership, since the plain language of the statute precludes such requirement. Thompson v. Thompson, 70 Okl. 207, 173 P. 1037. The purpose to be accomplished by equitable division is a complete severance of common title, so the portion awarded each is free from claims or domination of the other. Kupka v. Kupka, 190 Okl. 392, 124 P.2d 389. The nature of the estate subject to division is not a matter of judicial discretion. Williams v. Williams, Okl., 428 P.2d 218. Although one spouse brings separate property to the marriage, enhanced value resulting from joint efforts, skill or funds of both working toegther constitutes jointly acquired property subject to division. Moyers v. Moyers, Okl., 372 P.2d 844; Williams v. Williams, supra. The statutory division may be decreed even though the court does not dissolve the marriage. Miles v. Jones, 197 Okl. 684, 173 P.2d 949. Also see Bouma v. Bouma, Okl., 439 P.2d 198.

The settled principles mentioned prescribe the Oklahoma law which must be applied here. The Commission's position was that the Federal court's interpretation of Oklahoma law should control because of identity of facts and contentions. We are cited no authority, nor know of none, which permits settled rules of law to be disregarded or nullified by application of a rule announced by a foreign jurisdiction simply to achieve a desired result.

Since the Commission determined this case upon authority of Collins, supra, and now urges adoption of principles there stated, it is appropriate to review the authorities and reasoning expressed as the basis for such conclusion. Before doing so, however, it is pertinent to note the lack of unanimity in reasoning and result among Federal appellate courts which have treated similar problems. C. I. R. v. Mesta (CCA3) 123 F.2d 986; C. I. R. v. Halliwell (CCA2) 131 F.2d 642; C. I. R. v. Marshman (CCA6) 279 F.2d 27.

Both the U.S. Tax Court and the Federal appellate court reviewed and acknowledged the import of numerous Oklahoma decisions. However, import of our decisional law was avoided by attempted distinctions and application of rules derived from cases involving divorce settlements in jurisdictions having no statutory provision relating to jointly acquired property. Reference is made to the "general nature" intended by Oklahoma law respecting such property, in view of our statute, concerning descent and distribution (84 O.S.1961, § 213) which is not a rule of property. Then after acknowledging our decisions recognize a wife's vested interest in jointly acquired property, it is concluded, under authority of Jones v. Farris, 180 Okl. 341, 69 P.2d 344, that upon specific presentation of the question we held the wife had no vested interest in any specific property held by the spouse.

The true meaning of Farris, supra, is overlooked. Section 1278 was said not to vest interest in the wife prior to divorce, hence the deceased wife had no interest which was descendible to the children. The expressed limitation was that § 1278 relates only to divorce, and it is pointed out that the right to assert an interest in jointly acquired property was available to the wife to exercise only if she desired, and this right did not descend to the children. The positive right extended under § 1278 certainly is vested in the wife, to exercise or not as she may see fit in event of marital discord. Because the right is not subject to descent does nothing to destroy the fixed and vested nature of that right when a divorce proceeding provides basis for assertion of the right granted specifically by statute.

The appellate court, after stating it was required to look to state law controlling disposition of property in order to determine the exact nature of disposition for tax characteristic purposes, then relied upon the principles asserted in United States v. Davis, 370 U.S. 65, 82 S.Ct. 1190, 8 L.Ed.2d 335, and Pulliam v. C. I. R. (CCA10) 329 F.2d 97.

The issue in Davis, supra, evolved from a property division made in a divorce case between Delaware residents. The Delaware divorce law, 13 Delaware C. § 1531, in brief, provides that upon divorce for a husband's fault the wife shall be restored to all her real estate, and allowed such share of the husband's real and personal estate as the court deems reasonable.

There is no other provision for allowance or division of property. The complete dissimilarity between the Delaware statute and § 1278, supra, which provides for alimony, custody and child support, reservation of the wife's separate property, *and division of jointly acquired property* sufficiently distinguishes the premise in Davis, viz: Delaware law only places a burden upon the husband's property rather than making the wife a co-owner. The further exposition, that the parties acted at arms length when exchanging marital rights for property has no bearing here. An agreement to accept a division of property when a specific statutory proviso already has guaranteed an equitable division shall be made without any such limitations as are recited in Davis, supra, cannot be categorized as an exchange for release of an independent legal obligation.

The opinion in Collins, supra, further relied upon Pulliam, supra. Under Colorado law both alimony and property division may be allowed in a divorce proceeding. However, the property division is said to be grounded upon the concept that upon divorce the wife should have a share of the property. But, it is observed, under Colo-

rado law, an equitable award of money or property to the wife is dependent upon extent of her contribution, respective financial condition of the parties, their conduct, probable future earnings and other pertinent circumstances. Shapiro v. Shapiro, 115 Colo. 498, 175 P.2d 386. And, all matters of alimony and property division are within discretion of the trial court under Colorado law. Kraus v. Kraus, 159 Colo. 331, 411 P.2d 240. The obvious disparity between Colorado law and the specific statutory provision of our code removes all force from the statement that there is no distinction between Colorado and Oklahoma law "sufficient to justify a different characterization of the property division."

In Collins, supra, it is stated that whatever rights an Oklahoma spouse may have in jointly acquired property, the traditional elements of ownership, i. e., right of control and disposition of property, descendible interest, and vested interest are lacking. See United States v. Davis, supra. Thus, since factors which distinguish a marital division of property in satisfaction of a legal obligation from a division between co-owners are declared to be lacking, that court decreed our state court's division of property between those who are co-owners under state law did not preclude Federal courts from saying the division of jointly acquired property was a division in satisfaction of a marital obligation.

■ Neither the reasoning nor result in Collins are binding herein, nor adaptable to Oklahoma law as supporting the Commission's determination of Taxpayer's liability. Under § 1278, supra, neither the actual investiture of title, a right to make present disposition of property, nor absence of a descendible interest are controlling. A wife has a vested interest in jointly acquired property of the marital community. This right is exercisable by the wife at any time during marriage, even though she is not entitled to divorce. Recognition of the nature of the wife's rights in jointly acquired property under Oklahoma law may be observed in Swanson v. Wiseman, Director, etc., 7 AFTR2d 824.

■ The matters mentioned being determinative of this case, it is unnecessary to discuss or distinguish numerous other cases cited by the parties. We do note, however, that our decisions in Williams v. Williams, supra, and Bouma v. Bouma, supra, by implication overruled the theory expressed in Bowring v. Bowring, 196 Okl. 520, 166 P.2d 415, and Shook v. Shook, Okl., 352 P.2d 376, that the question of need should be considered in determining an equitable division of jointly acquired property.

Judgment reversed with directions to sustain Taxpayer's protest.

All Justices concur.