ERNEST H. MILLS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

ERNEST H. MILLS AND LORETTA E. MILLS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 2872–68, 2873–68.    Filed March 25, 1970.

---

*David H. Loeffler*, for the petitioners.
*Robert S. Leigh*, for the respondent.

### OPINION

RAUM, *Judge*: The question for decision is whether petitioner's payments to his former wife pursuant to the divorce decree and "property settlement" agreement are deductible under section 215, I.R.C. 1954, as alimony described in section 71, I.R.C. 1954. The Commissioner has denied the claimed deductions on the grounds (a) that the payments were made solely in satisfaction of the wife's property rights and were therefore not alimony under the above statutory provisions; and (b) that, in any event, the payments are not deductible under section 215 because a prior judicial decision held that the payments here in issue were not includable in the gross income of the wife. See *Mills* v. *United States*, (N.D. Okla. 1967; 20 A.F.T.R. 2d 5205, 67–1 U.S.T.C. par. 9151). Since we find for the Commissioner on the first ground we do not consider the second.

It is well settled that where, upon divorce or separation, there is a division of property or where a husband makes payments in satisfaction of the property rights of his wife, the amounts received by his wife are capital in nature and neither includable in her gross income under section 71 nor deductible by the husband under section 215. See *Ann Hairston Ryker*, 33 T.C. 924, 929; *Wilma Thompson*, 50 T.C. 522, 525; *Brantley L. Watkins*, 53 T.C. 349; and *Lewis B. Jackson, Jr.*, 54 T.C. 125.

At issue here is whether the divorce decree and "property settlement" incorporated therein effected a division of joint property. Petitioner argues that there was no joint property subject to division because essentially all of the property acquired during marriage was his separate property at the time of divorce. The Commissioner, however, contends that, by operation of Oklahoma law, Nell Mills acquired a joint interest in the property acquired during her marriage to petitioner and that the payments in issue were in respect of that interest. We agree with the Commissioner.

Under Oklahoma law, the wife acquires a vested interest in property jointly acquired during marriage. *Collins* v. *Oklahoma Tax*

*Commission,* 446 P. 2d 290, 295 (Okla. 1968). According to the Supreme Court of Oklahoma, "The nature of the wife's interest is similar in conception to community property of community property states, and is regarded as held by a species of common ownership." *Collins* v. *Oklahoma Tax Commission, supra* at 295.[1] In the event of divorce or marital discord Oklahoma statutory law, Okla. Stat. Ann. tit. 12, sec. 1278, requires that the property jointly acquired during coverture be divided between the parties in a "just and reasonable" manner. The statute provides in pertinent part:

Sec. 1278. *Disposition of property—Restoration of wife's maiden name—Alimony*

As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof. In case of a finding by the court, that such divorce should be granted on account of the fault or aggression of the wife, the court may set apart to the husband and for the support of the children, issue of the marriage, such portion of the wife's separate estate as may be proper. * * *

Whether the wife acquired a joint interest in the property accumulated during their marriage depends on the meaning of Oklahoma's concept of "jointly acquired property." In *Collins,* 446 P. 2d at 295, the Supreme Court of Oklahoma stated that:

Property acquired during married life as the result of industry, economy and business ability is the jointly acquired property subject to the equitable division required under the statute. Tobin v. Tobin, 89 Okl. 12, 213 P. 884. If property has been acquired by joint effort during marriage the wife has a vested interest therein which is not forfeited even though she may be at fault. Davis v. Davis, 61 Okl. 275, 278, 161 P. 190, 193.

Where, as in this case, separate property is brought by one spouse to the marriage, joint contributions toward the maintenance and preservation of that property create a joint interest in such propery. *Haynes* v. *Haynes,* 197 Okla. 221, 169 P. 2d 563; *Raines* v. *Gifford,* 370 P. 2d 1 (Okla. 1962). Also, the "enhanced value resulting from joint efforts, skill or funds of both working together con-

---

[1] *Collins* v. *Oklahoma Tax Commission,* 446 P. 2d 290, was the counterpart (involving Oklahoma taxes) to the Federal tax problem relating to the same property settlement which was originally decided by this Court in *George F. Collins, Jr.,* 46 T.C. 461, affirmed 388 F. 2d 353 (C.A. 10). After the foregoing decision by the Supreme Court of Oklahoma, the Supreme Court of the United States remanded the Federal tax case to the Court of Appeals for further consideration in the light of the opinion of the Supreme Court of Oklahoma. 393 U.S. 215. Thereafter, the Court of Appeals rendered an opinion, following the decision of the Oklahoma court. *Collins* v. *Commissioner,* 412 F. 2d 211 (C.A. 10).

stitutes jointly acquired property subject to division." *Collins* v. *Oklahoma Tax Commission, supra* at 295.

Though the parties are in agreement on the foregoing principles of Oklahoma law, they disagree as to whether Nell Mills acquired any interest in the property accumulated during marriage through the contribution of her "efforts, industry, or skills." Petitioner claims that since essentially all the property accumulated during marriage was acquired by gift from members of his family, such property was at all times his separate property. Further, he argues that during his marriage to Nell her "efforts" were limited to those of an ordinary housewife, which, he claims, were insufficient to give her an interest in his otherwise separate property. We disagree.

To be sure, the property acquired by gift during petitioner's marriage was in the first instance his separate property. We find, however, that Nell's contribution to the success and growth of petitioner's business was sufficient under Oklahoma law to give her a joint interest in all the property acquired during marriage by gift or otherwise. During the years of his marriage to Nell, petitioner engaged in ranching operations on land owned in common with members of his family and, after 1951, individually. During these years he and Nell resided on or near the ranch. And, Nell's activities during these years were more extensive than those of the ordinary housewife not residing on a ranch or farm. Cf. *Funk* v. *Funk*, 319 P. 2d 599 (Okla. 1957) ; *Roberts* v. *Roberts*, 357 P. 2d 980 (Okla. 1960). Her activities included the daily feeding of horses used in the ranching operation, carrying messages and instructions to ranch employees on behalf of petitioner, driving to nearby towns to pick up materials needed on the ranch, and keeping "fire watch." Though her activities in this respect may not have been as extensive as those of petitioner, she nonetheless was an important auxiliary to her husband in the conduct of his ranching operations. On the whole, we think that the contributions made by Nell Mills as an active "farm wife" were in excess of the "joint efforts of a mere housewife, and, in terms of Oklahoma law, such activity fairly justified a division of the property accumulated during her marriage to petitioner. See *Tobin* v. *Tobin*, 213 P. 884, 889 (Okla. 1923).

Petitioner has argued that there has been no showing in the trial herein that there was any enhancement in the value of the ranchlands acquired during marriage and that, accordingly, no property interest could have been attributed to Nell's efforts. The first answer to this contention is that petitioner, not the Commissioner, bears the burden of proving that an enhancement in value did not occur during the 29 years of his marriage to Nell. *Welch* v. *Helvering*, 290

U.S. 111. Petitioner clearly failed to carry his burden here. Since he did not introduce any evidence as to the values of the ranch property in question, we must uphold the Commissioner's determination. In any event, we think that the continuing contributions of petitioner's wife during their 29 years of marriage helped maintain and preserve the values of the ranch property. In the light of such contributions, we think the enhancement of the property's value would have been unnecessary to justify an equitable division of property. Cf. *Raines* v. *Gifford*, *supra*; *Haynes* v. *Haynes*, *supra*.

Finally, we note that the terms of the divorce petition, divorce decree, and the property settlement incorporated into the divorce decree were entirely consistent with our finding that the payments in question were in respect of a division of property. Though the labels appearing in such documents are not controlling, *Ann Hairston Ryker*, *supra*; *Blanche Curtis Newburry*, 46 T.C. 690, 694; *Wilma Thompson*, *supra*; *William M. Joslin, Sr.*, 52 T.C. 231, 236, the language used confirms our views that the decree was intended to effect a division of joint property. Cf. *Campbell* v. *Lake*, 220 F. 2d 341 (C.A. 5). The petition for divorce stated that the parties wished the court to approve "a written agreement for the settlement and division of the real and personal property acquired by the parties during their marriage." The "property settlement agreement" referred to stated that "the reasonable value of Nell Mills' fair share of the property now owned by the parties, jointly or severally, which was acquired during their married life, is $90,000.00." And, finally, the divorce decree noted:

The Court has further examined carefully the property settlement and agreement entered into by the parties * * * and finds the same to be just, fair and equitable in all respects. The Court theretofore finds that said property settlement and division * * * should be confirmed and approved.

Against this background we conclude that the payments involved here were made pursuant to a property settlement and are not deductible by petitioner.

*Decision will be entered for the respondent.*