OKLAHOMA TAX COMMISSION — ESTATE TAX The Oklahoma Tax Commission may not require a surviving female spouse to furnish proof of interest in the decedent's taxable estate, while not requiring such proof by a surviving male spouse. Under 68 O.S. 807 [68-807] (1973), the Oklahoma Tax Commission must require adequate proof, uniformly, from the survivor claiming an interest with the decedent in the property constituting the taxable estate irrespective of sex. When both spouses work in a family business or farming operation, the Oklahoma Tax Commission may not presume that either spouse contributed the business income to the family taxable estate. The surviving spouse may offer proof of contribution to the taxable estate by showing joint income-producing industry. Section 68 O.S. 807 [68-807](4) of Title 68 of the Oklahoma Statutes does not preclude a surviving spouse who is a housewife from claiming an interest in the taxable estate. Such surviving spouse has a constitutional right to claim and offer proof that her labor, effort and industry in the home is a contribution to the value of the material accumulations of the family, and, therefore, the taxable estate. The Oklahoma Tax Commission may not presume that such housewife made no contribution to the decedent's taxable estate. This opinion does not preclude subsequent legislative enactment to clarify or change the statutory provisions relating to estate taxes. Neither should this opinion be construed to create a presumption of equal participation in the taxable estate, but rather requires the Oklahoma Tax Commission to consider that contribution of money's worth may be established by a spouse working in a family business or farm operation and by a housewife. In that way, the contribution of both spouses may be recognized regardless of how the individual parties may have chosen to arrange their family unit in terms of labor, effort and acquisition. The Attorney General has received your request for an opinion wherein you ask, in effect, the following three questions: 1. Pursuant to the provisions of 68 O.S. 807 [68-807] (1973), must the Oklahoma Tax Commission require a surviving spouse to furnish proof of interest in the dead spouse's estate, irrespective of the gender of such surviving spouse? 2. May the Oklahoma Tax Commission make any presumption in determining the interest of a widow, who worked in a family business, in the taxable estate of her deceased husband? 3. May the Oklahoma Tax Commission make any presumptions in determining the interest of a housewife in the taxable estate of her deceased husband? In answer to your first question, 68 O.S. 807 [68-807] (1973) reads in pertinent part as follows: "(A) The value of the gross estate, used as a basis for a determination of the value of the net estate, shall be determined by including: "(4) To the extent of the value of any interest of the decedent in any property owned by the decedent and any other person as joint tenants, or tenants by the entirety, including funds or securities deposited with any person, corporation, bank or trust company or held in any safety box kept by the beneficiary or joint survivor, except such part of said property or deposit as may be shown to have originally belonged to such other person and never to have been acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth. A surviving spouse or other person claiming to own an interest with the decedent in any property, real or personal, included in the taxable estate of the decedent must support said claim by adequate proof, showing the value of claimant's interest contributed in money or money's worth from separate funds or properties, and provided that a sworn affidavit setting forth the facts supporting such claims shall be considered prima facie evidence of adequate proof." (Emphasis added) This statute, Section 807, supra, is nondiscriminatory on its face and its mandatory provisions must be applied uniformly. It is obvious that discriminatory enforcement of a valid and constitutional law results in a denial of equal protection of the law as guaranteed by theFourteenth Amendment of the United States Constitution. The landmark case dealing with discriminatory enforcement of a nondiscriminatory statute is Yick Wo v. Hopkins,118 U.S. 356, 373-74 (1886), wherein the Court stated: "Though the law itself be fair on its face and impartial in appearance, yet if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust any legal discrimination between persons in similar circumstances material to their rights, the denial of equal justice is still within the prohibition of the Constitution." We thus arrive at the basic question as to whether discrimination between male and female surviving spouses, to the detriment of the female, constitutes discriminatory enforcement of a law which results in a denial of equal protection to the class discriminated against. The United States Supreme Court has recently spoken on a sexual discrimination matter remarkably akin to that at hand. In the case of Frontiero v. Richardson, U.S. _, 36 L.Ed.2d 583, 93 S.Ct. _ (1973), the United States Supreme Court held that denying a servicewoman's application for increased quarter's allowances and medical and dental benefits for her husband as a dependent, because she failed to demonstrate that her husband was a dependent on her for more than one-half of his support, which benefits would have been available to a serviceman without regard as to whether his spouse was in fact dependent upon him for any part of her support, unreasonably discriminated of the basis of sex in violation of the Due Process Clause of theFifth Amendment. The United States Court of Appeals for the Tenth Circuit has also reached the conclusion that classifications based upon sex are inherently suspect and must be subjected to close judicial scrutiny. See Buckley v. Coyle Public School System, 476 F.2d 92 (1973). In Reed v. Reed, 404 U.S. 71, 30 L.Ed.2d 225, 92 S.Ct. 251
(1971), the United States Supreme Court considered the constitutionality of an Idaho statute providing that, when two individuals are otherwise equally entitled to appointment as administrator of an estate, the male applicant must be preferred over the female. The Court found this statutory preference for male applicants was unconstitutional. In rejecting the state's contention the Court stated that, "To give a mandatory preference to members of either sex over members of the other, merely to accomplish the elimination of hearings on the merits, is to make the very kind of arbitrary legislative choice forbidden by the (Constitution) . . ." It is thus readily apparent that sexual discrimination, even when based upon state statutes, is inherently suspect under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. It thus becomes necessary to determine whether or not a policy requiring a surviving female spouse to furnish proof of interest in a decedent spouse's estate, and not requiring such proof of a surviving male spouse, would survive such close judicial scrutiny. The Oklahoma Tax Commission has apparently attempted to justify its position by reliance upon the fact that Oklahoma is not a community property state. However, in the Oklahoma Supreme Court case of Collins v. Oklahoma Tax Commission, 446 P.2d 290 (1968), the Court said: "Property acquired during married life as a result of industry, economy and business ability is the jointly acquired property subject to the equitable division required under the statute . . . If property has been acquired by joint effort during marriage the wife has a vested interest therein. . ." In Tobin v. Tobin,89 Okl. 12, 213 P. 884 (1923), the Oklahoma Supreme Court held that factors to be considered in an equitable division of property involve the fact that joint acquisition of property may be due to the wife's "economy, industry, frugality, and sturdy virtues, which have been a stay to the home and the constant guard of the accumulation. . . ." Therefore there is no rational and logical basis for requiring the female to present proof of interest in property acquired during coverture, and not requiring such proof from the surviving male spouse. It therefore becomes apparent that a policy requiring only surviving female spouses to furnish proof of interest in the decedent spouse's estate is without rational basis and is an inherently suspect classification which would not withstand close judicial scrutiny. Such a position is, in addition, particularly untenable in view of the fact that the statute with which we are concerned gives it the affirmative duty to require such proof from surviving spouses of either sex, and failure to do so is not only unconstitutional but contrary to and in dereliction of its statutory duty. The Oklahoma Tax Commission must require adequate proof, uniformly, from the survivor claiming an interest with the decedent in the property constituting the taxable estate irrespective of sex. The Oklahoma Tax Commission may not presume that a surviving husband has an interest in the taxable estate, or presume that the surviving wife has none. You next ask whether the Oklahoma Tax Commission may presume that one spouse has a specific interest in the family business which makes up the taxable estate of the deceased. This possibility most frequently occurs either with the husband and wife operating a family business or in a family farming operation where both spouses work. In both situations, it is probable that one spouse handled the financial transactions for the business or farming operation. Do the paper transactions necessarily reflect that that particular spouse contributed a certain value to the business or farming operation and therefore to the taxable estate? Further, an absence of one's name on the paper transactions might lead to the presumption that that spouse did not contribute to the family business. Such presumptions are invalid. As set forth in Question 1 above, the Oklahoma Tax Commission may not engage in a presumption that a surviving spouse had a particular interest in the taxable estate of the decedent. Neither is there a presumption that the spouse who handled the paper transactions for the business or farming operation contributed that amount to the business and therefore to the taxable estate. It is therefore not constitutionally permissible to presume that the husband produced all or a particular share of the income to the business or farming operation and thereby creating a presumption as to his contribution to a taxable estate. Such presumption would invite one spouse to surreptitiously furnish money to the other for the purpose of establishing a contribution to the taxable estate. The obvious intention of the marital partners must be considered in determining a taxable estate, and there is no reason to force them to circumvent the law in order to establish their true intentions. Your last question involving a presumption of a housewife's interest in the taxable estate envisions a situation where a husband is employed or self-employed and is the recipient of income that is applied to the family's benefit, and his spouse is a nonincome earning housewife. To analyze the taxable estate under these facts, it is necessary to put the family unit in proper perspective. A husband and wife have an absolute right to determine how their family unit will function. The partners to that marriage may determine whether one or both will seek outside, income-producing employment. In the event both choose to seek employment, it may become necessary to employ others to do housework, yardwork, babysitting, etc. On the other hand, the partners may decide that the husband will seek employment and contribute his income to the family unit and his wife will contribute by being a mother and housewife. It is that freedom of choice to arrange one's life that must be affirmatively considered in this constitutional question. In the event the partners decide that the husband should be employed while the wife remains in the home, it is obvious that both activities comprise a combined effort and industry, through a mutual decision on the part of both marriage partners, to create a marital community, and thus, a taxable estate. It necessarily follows that a housewife must be allowed to establish her interest in that estate by virtue of her service and labor within the house. As a general rule such widow who has been a lifelong housewife is least prepared to earn a substantial living after her spouse's death and is least able to pay the costs of the unfair taxation. Therefore, it is a constitutional consequence that a housewife's labor, effort and industry in the house is a contribution to the value of the material accumulations of the family, and, therefore, the taxable estate. The contribution of such surviving spouse may be established through proper proof to the Oklahoma Tax Commission. It is, therefore, the opinion of the Attorney General that your first question be answered as follows: The Oklahoma Tax Commission may not require a surviving female spouse to furnish proof of interest in the decedent's taxable estate, while not requiring such proof by a surviving male spouse. Under 68 O.S. 807 [68-807] (1973), the Oklahoma Tax Commission must require adequate proof, uniformly, from the survivor claiming an interest with the decedent in the property constituting the taxable estate irrespective of sex. It is the opinion of the Attorney General that your second question be answered as follows: When both spouses work in a family business or farming operation, the Oklahoma Tax Commission may not presume that either spouse contributed the business income to the family taxable estate. The surviving spouse may offer proof of contribution to the taxable estate by showing joint income-producing industry. It is the opinion of the Attorney General that your third question is answered as follows: Section 68 O.S. 807 [68-807](4) of Title 68 of the Oklahoma Statutes does not preclude a surviving spouse who is a housewife from claiming an interest in the taxable estate. Such surviving spouse has a constitutional right to claim and offer proof that her labor, effort and industry in the home is a contribution to the value of the material accumulations of the family, and, therefore, the taxable estate. The Oklahoma Tax Commission may not presume that such housewife made no contribution to the decedent's taxable estate. This opinion does not preclude subsequent legislative enactment to clarify or change the statutory provisions relating to estate taxes. Neither should this opinion be construed to create a presumption of equal participation in the taxable estate, but rather requires the Oklahoma Tax Commission to consider that contribution of money's worth may be established by a spouse working in a family business or farm operation and by a housewife. In that way, the contribution of both spouses may be recognized regardless of how the individual parties may have chosen to arrange their family unit in terms of labor, effort and acquisition. (Larry Derryberry)